[Civ. No. 36937. Second Dist., Div. Five. Feb. 24, 1971.]

ALBERT BENGUIAT et al., Plaintiffs and Respondents, v.
CITY OF LOS ANGELES et al., Defendants and Appellants.

622

## COUNSEL

Roger Arnebergh, City Attorney, James A. Doherty and John A. Daly, Assistant City Attorneys, and Siegfried O. Hillmer, Deputy City Attorney, for Defendants and Appellants.

Broderick, McNeil & Spencer and Joseph D. McNeil for Plaintiffs and Respondents.

## OPINION

FRAMPTON, J.*—Both plaintiffs, Albert Benguiat and Marion B. Riffo, are former employees of the City of Los Angeles and are now receiving a retirement allowance by virtue of having, prior to their retirement, been members in the Department of Water and Power Employees' Retirement Plan (hereafter the "DWP Plan").

Albert Benguiat was born on December 7, 1911. He rendered services in various departments of the City of Los Angeles (hereafter "the City"), as an employee thereof as follows: From May 6, 1929 to February 18, 1931, both dates inclusive in the library department; from February 19, 1931, to October 30, 1933, both dates inclusive, in the Department of Public Works; from October 31, 1933, to December 1, 1933, both dates inclusive, in the Department of Water and Power (hereafter "the DWP"); from December 2, 1933, to January 1, 1935, both dates inclusive, in the Department of Public Works; from January 2, 1935, to September 30, 1967, both dates inclusive, in the DWP.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Benguiat retired pursuant to the DWP Plan, effective October 1, 1967.

Marion B. Riffo was born on June 8, 1901. He rendered service in various departments of the City as an employee thereof as follows: From January 26, 1925, to March 23, 1932, both dates inclusive, in the Department of Public Works; after a break in service, he again worked for the City from July 28, 1932, to October 30, 1932, both dates inclusive, in the Department of Public Works; after a break in service he again worked for the City from December 19, 1932, to December 23, 1932, both dates inclusive, in the DWP; after a break in service he again worked for the City from February 8, 1933, to February 20, 1933, both dates inclusive, in the DWP; after a break in service he again worked for the City from July 14, 1933, to June 30, 1966, both dates inclusive, in the DWP.

Plaintiff Marion B. Riffo retired pursuant to the DWP Plan, effective July 1, 1966.

The total service rendered by plaintiff Benguiat, as an employee of the City in departments thereof, other than the DWP, was 5 years and 209 days, all of which falls within a period prior to July 1, 1937.

The total service rendered by plaintiff Riffo, as an employee of the City in departments thereof, other than the DWP, was 7 years and 152 days, all of which service falls within a period prior to July 1, 1937.

Under the charter of the City, there are four separate and distinct retirement plans for employees. They are (1) the "Fire and Police Pension System" under article XVII of the charter for firemen and policemen who entered city service before January 29, 1967, and who, after that date, did not elect to become members of the new pension system under article XVIII of the charter; (2) the new pension system under article XVIII of the charter, effective January 29, 1967, and governing pension rights of firemen and policemen entering city service after said date, and of those firemen and policemen who were appointed prior to the effective date of such article but who had made a request to become members of the new pension system pursuant to the provisions of section 190.04 (1967)[1] of article XVIII of the charter; (3) the "City Employees' Retirement System," created under article XXXIV of the charter (Stats. 1937, pp. 2943-2956), effective July 1, 1937, for all employees of the City not excluded from membership in said System by virtue of the provisions thereof (hereafter "the System"), and (4) the DWP Plan for employees of the Department of Water and Power, adopted under the enabling provisions of section 220.1 of the charter (Stats. 1937, pp. 2627-2631), the scope of which may best be described by quoting in part from said section as follows: "The Department of Water and Power shall

---

[1]The year date refers to the year in which the article of the charter became effective.

also have the power and duty: (1) To establish and maintain within the Department a general plan and system of retirement, disability, and death benefits, and, in cooperation with the interested employees, to provide currently out of the Water Revenue Fund and the Power Revenue Fund a portion of the cost thereunder, . . ."

The DWP Plan gives credit to its members for service prior to its effective date, October 1, 1938, but only if such service was rendered in the DWP. The members of the DWP Plan are not given credit for service rendered by such members in departments of the City other than the DWP. (Stats. 1937, § 220.1(1)(b), pp. 2627-2628.)

Under the System, at all times since its operative date of July 1, 1937, credit toward retirement for service rendered as an employee of the City prior to said date never was and is not now granted, pursuant to the provisions of article XXXIV of the charter, to any employee of the City who never became a member of the System, and at all times since July 1, 1937, credit toward retirement for services rendered as an employee of the City prior to said date never was and is not now granted pursuant to said article to every employee of the City who became a member of the System.

While some of the conditions for receiving credit for prior service under the System have changed since the enactment of article XXXIV by reason of charter amendments, hereafter discussed, it is claimed by defendants that the requirement has always been that the recipient of such credit for prior service must be a member of the System.

The trial court concluded in its findings of fact and conclusions of law that plaintiffs became members of the System by reason of the 1937 adoption of section 500 of the charter.[2] The trial court also concluded that both plaintiffs have completed 10 years of continuous service as employees of the City for compensation, and are, therefore, eligible for retirement under the System on account of such prior service.

Defendants urge that the judgment should be reversed because, it is claimed, the court erred in declaring plaintiffs to have become members of the System and that as such members they were entitled to a pension based on 10 years of continuous service as applied to plaintiffs' prior service al-

---

[2]This section reads as follows: "There is hereby created, established and adopted a retirement system for all officers and employees of the City of Los Angeles not now included within any pension or retirement system under the provisions of this charter, whereby such employees who shall have reached the age of sixty (60) years or over, or who shall have become incapacitated as the result of any disability, may, without hardship or prejudice, be replaced by more capable employees, and whereby the widows or minor children or dependent parents of such employees may be temporarily provided for upon the death of such employees. Said retirement system shall be known as 'CITY EMPLOYEES' RETIREMENT SYSTEM.'" (Stats. 1937, pp. 2943-2944.)

though neither plaintiff had 10 years of continuous service for purposes of service retirement credits under the provisions of the charter.

Plaintiffs urge that the plain language of section 500 of the charter (1937) included "all officers and employees of the City not now included within any pension or retirement system under the provisions of this charter," and further, that the intent of the city council to provide equal treatment to all city employees is evidenced by section 502 A of the charter as amended in 1947, where the plain language of the charter states that "All employees . . . shall be members of the Retirement System." (Stats. 1947, p. 3519.) Plantiffs urge further that the exclusionary clause contained in section 502 B (3) of article XXXIV as amended in 1947,[3] recognizes their right to a pension under the circumstances here shown.

The trial court found that neither plaintiff had made contributions to the retirement fund of the System, and neither had worked for any department of the City other than the DWP after the adoption of the System on July 1, 1937. The trial court also found that Benguiat had 5 years and 209 days of prior service, that Riffo had 7 years and 152 days of prior service, but concluded that both plaintiffs had completed 10 years of continuous service with the City for purposes of eligibility for retirement under the charter provisions of the System. The court awarded each a pension and, in addition, awarded retroactive pension payments to plaintiffs.

As of July 1, 1937, subdivision A of section 502 of the charter provided in part that "All employees in city service in the classified Civil Service of the city under the provisions of this charter, on the 1st day of July, 1937, shall become members of said retirement system. . . . Nothing herein contained, however, shall permit the inclusion in said system of those persons excluded by the provisions of subdivision B of this section." As of said date subdivision B provided in part that "The following employees shall not become members of said retirement system: . . .

---

[3]Section 502 B reads in pertinent part as follows: "The following employees shall not be members of said Retirement System [the System]: . . . (3) Members of the Fire and Police Pension System and members of the Water and Power Employees' Retirement Plan, provided, however, that this exclusion shall not operate during any period of city service in which any such person is employed in any capacity which renders him ineligible for current membership in said System or Plan. Nothing in this Article [article XXXIV] shall be construed to prevent any person entitled to the payment of any benefit on account of service as a member of the System or Plan herein mentioned, from receiving payment on account of any benefit to which such person is entitled as a member of this Retirement System; provided, nevertheless, that no payment shall be made under the provisions of this Article, for or on account of any period of service for which such person is entitled to receive or is receiving any benefit under the Fire and Police Pension System or the Water and Power Employees' Retirement Plan." (Stats. 1947, pp. 3519-3520.)

"(3) [T]he employees of the Department of Water and Power, entitled to benefits under the general plan and system authorized under the provisions of Sec. 220.1 of this charter."

Under the foregoing provisions of the charter the plaintiffs were precluded from becoming members of the System in 1937.

In 1947 section 502 was amended to read in part that "All employees, other than those excluded by the provisions of subdivision B of this section, shall be members of the Retirement System." Subdivision B was amended to provide, in part, that "The following employees shall not be members of said Retirement System: . . . (3) [M]embers of the Water and Power Employees' Retirement Plan, provided however, that this exclusion shall not operate during any period of city service in which any such person is employed in any capacity which renders him ineligible for current membership in said System or Plan."

We are unable to find language in the 1947 amendment to section 502 that brings the plaintiffs in as members of the System.

Plaintiffs are receiving credit under the Department of Water and Power Retirement Plan for all periods of time they worked for the DWP. To hold them eligible for a retirement allowance based upon 10 years' continuous service under the System would grant them double benefits for that portion of their time during which they worked for the DWP and received retirement credits under that retirement plan. Section 502 B(3) (as amended in 1947) reads in pertinent part as follows: "[P]rovided, nevertheless, that no payment shall be made under the provisions of this Article, for or on account of any period of service for which such person is entitled to receive or is receiving any benefit under . . . the Water and Power Employees' Retirement Plan."

It is apparent from the service records of the plaintiffs, that their employment with the City in departments other than the DWP occurred at a time when there was no retirement system under which they could benefit for services rendered to the City. The charter amendment of July 1, 1937, first created such a plan. Plaintiffs on this date were in the employ of the DWP, and, thus, by the terms of the 1937 amendment were ineligible to participate under the System. From July 1, 1937, until their retirement, plaintiffs remained in the employ of the DWP, contributed to the retirement fund under the DWP Plan, and are now receiving benefits under the DWP Plan.

It appears from the trial court's findings that credit for prior service was given only to contributing members of the System. The construction placed upon article XXXIV of the charter by the Board of Administration (the gov-

erning body of the System) for some 30 years, excluding those who have not contributed to the fund created by the System, while not controlling here, is entitled to great weight; and if it is not clear that such construction was erroneous, it ought not be overturned. (*County of Los Angeles* v. *Frisbie,* 19 Cal.2d 634, 644 [122 P.2d 526]; *Whitcomb Hotel, Inc.* v. *Cal. Emp. Com.,* 24 Cal.2d 753, 757 [151 P.2d 233, 155 A.L.R. 405].)

The charter provisions creating the System clearly contemplate that each member shall contribute to the retirement fund by way of salary deductions. (Cf. Stats. 1937, art. XXXIV, § 508; Stats. 1947, art. XXXIV, § 507; Stats. 1967, art. XXXIV, § 510.1, p. 4566 et seq., cost of living adjustment.) To give plaintiffs a right to a pension in a system to which they never belonged and to which they made no contributions, would constitute the giving of a gratuity. (Cf. *Lamb* v. *Board of Peace Officers, etc.,* 29 Cal.App. 2d 348, 350 [84 P.2d 183].)

Had the framers of the charter intended to give pension benefits to employees of the City for services rendered prior to the adoption of the System, where such employees did not, after the adoption of the System, render service in a department of the City which would have brought them within the provisions of the charter governing the System, assuming that this could be constitutionally done, such framers could very easily, by clear and concise language, have made such provision in the charter. We find no such provision.

We are of the opinion that plaintiffs are not entitled to receive the benefits sought, and which were awarded to them by the terms of the judgment under the provisions of article XXXIV of the charter as adopted, effective July 1, 1937, or by subsequent amendments thereto.

The judgment is reversed.

Defendant City to recover its costs on appeal.

Stephens, Acting P. J., and Aiso, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 22, 1971.