STATE of Indiana, Indiana DEPART-
MENT OF REVENUE, Appellant
(Plaintiff),

v.

HOGO, INC. and Jerry R. Horn,
Appellees (Defendants).

Jerry HORN & Catherine E. Horn and
Jerry Horn & Hogo, Inc., Appellants
(Defendants),

v.

STATE of Indiana, Indiana DEPART-
MENT OF REVENUE,
Appellee (Plaintiff).

Jerry HORN & Catherine E. Horn and
Jerry Horn & Hogo, Inc., Appellants
(Defendants),

v.

STATE of Indiana, Indiana DEPART-
MENT OF REVENUE,
Appellee (Plaintiff).

No. 27A04–8903–CV–00101.

Court of Appeals of Indiana,
Fourth District.

Feb. 28, 1990.

---

George P. Osborn, Polly A. Stephenson, Kiley, Osborn, Kiley, Harker, Rogers, Michael & Certain, Marion, for appellant.

Anne C. Selby, Patrick N. Ryan, Marion, for appellees.

MILLER, Judge.

This case concerns whether Jerry Horn, an officer, majority stockholder, and member of the board of directors of Hogo, Inc. was personally liable for sales and withholding taxes owed by the corporation and, if he were so liable, were such taxes discharged in his personal bankruptcy. The trial court, in a summary judgment proceeding, held that Horn, was personally liable but that the taxes were discharged in bankruptcy.

In this appeal Horn claims:

There was an issue of material fact as to whether he had sufficient control of the corporation's funds to be liable under IND. CODE §§ 6–2.5–9–3 and 6–3–4–8(f).

On the other hand, The Indiana Department of Revenue claims:

(1) That the withholding and sales taxes were not discharged in Horn's personal bankruptcy; and

(2) The judgment in the amount of $9,093.41 (the amount in the original complaint) was contrary to the evidence and should have been in the amount of $10,956.84 (the amount in the amended complaint).

We hold that Horn was personally liable, that such taxes were not discharged in bankruptcy and the amount of judgment should be corrected.

### FACTS

This is a consolidated appeal of three cases—two from the Grant Circuit Court and one from the Grant Superior Court. All three cases were brought by the

Indiana Department of Revenue [Revenue] to collect taxes owed by Hogo, Inc., Jerry Horn, the president of Hogo, and his wife, Catherine.

Hogo, a restaurant business, was incorporated in January, 1979. At the end of 1979, Hogo owed Revenue approximately $10,000 in sales/use taxes and $800.00 in withholding taxes. Notice of assessment was given to Hogo and Horn, but neither party protested or paid the taxes.

In 1987, Revenue filed two suits in Grant Circuit Court against the Horns (but not against Hogo). One suit was for withholding taxes for 1979, and the other was for personal income taxes ($73.23) for 1978. The withholding taxes were the same taxes owed by Hogo, for which Revenue claimed Horn was individually liable. Revenue also filed suit in Grant Superior Court against Hogo and Horn (but not his wife), the amended complaint demanding recovery of the 1979 sales/use taxes ($10,135.91) and the same withholding taxes ($820.93) which were the subject of one of the Circuit Court cases.

Grant Circuit Court combined the two cases before it and entered judgment in each case against the Horns for the total amount of the withholding taxes (but not the personal income taxes). Grant Superior Court granted summary judgment against Hogo and in favor of Horn, holding that, although Horn was individually liable for the taxes, the debt had been discharged in Horn's personal bankruptcy. Revenue appealed the Superior Court decision and the Horns appealed the Circuit Court decisions. This court agreed to consolidate the cases.

### DECISION

Both parties agree that the Circuit Court's decisions should be reversed because the withholding taxes which are the subject of those decisions are included in the Superior Court's judgment, and would, depending on our decision in the Superior Court appeal, result in double recovery or conflicting judgments. We agree. We

note that the Circuit Court judgments are identical, and include only the withholding taxes, thereby resulting in double recovery even without the Superior Court judgment.[1] We further note that the personal income taxes are not included in these judgments. The amount of such taxes is approximately $75.00. Revenue does not question the trial court's failure to include the amount of the personal income taxes in the judgment. Revenue may have considered such amount to be *de minimus* or may have concluded that such taxes were discharged in bankruptcy. Because Revenue does not argue this issue we will not consider it further. Therefore, we vacate both circuit court judgments.

I.  Horn's individual liability for Hogo's taxes.

■ The Department claims Horn is individually liable for Hogo's sales taxes pursuant to Ind.Code § 6–2.5–9–3 which provides:

> An individual who:
>
> (1) is an individual retail merchant or is an employee, officer, or member of a corporate or partnership retail merchant; and (2) has a duty to remit state gross retail or use taxes to the department of revenue; holds those taxes in trust for the state and is personally liable for the payment of those taxes to the state. If the individual knowingly fails to remit those taxes to the state, he commits a Class D felony;

and its withholding taxes pursuant to Ind. Code § 6–3–4–8(f), which provides:

> ... [A]ny amount deducted or required to be deducted and remitted to the department under this section shall be considered to be the tax of the employer and with respect to such amount he shall be considered the taxpayer. In the case of a corporate or partnership employer, every officer, employee, or member of such employer, who, as such officer, employee or member is under a duty to deduct and

---

1. Although both parties agree the cases were consolidated, there is no order of consolidation in the record before us and two separate judgments were entered.

remit such taxes shall be personally liable for such taxes, penalties and interest.

Horn claims he was under no duty to remit the taxes because another individual was responsible for paying such taxes, and this is a question of fact which could not be resolved by summary judgment.

▮ Generally, an officer of a corporation who is involved in the management of the corporation and has the authority to control its finances is presumed to have a duty to remit taxes. *See Dunkerson v. Ind. Dept. of Revenue* (1987), Ind. Tax, 513 N.E.2d 209; *Van Orman v. State* (1981), Ind.App., 416 N.E.2d 1301.

Federal courts have reached the same conclusion in interpreting similar federal statutes. *McCarty v. United States* (Ct.Cl. 1971), 437 F.2d 961; *White v. United States* (1967), 372 F.2d 513, 178 Ct.Cl. 765. In *McCarty*, the court stated:

> As a general proposition it may be safely postulated that one who is the founder, chief stockholder, president, and member of the board of directors of a corporation ... is rebuttably presumed to be the person responsible under section 2707 of the Code and is thus liable for the penalty, *in the absence of an affirmative showing by him that in actual fact he lacked the ultimate authority to withhold and pay the employment taxes in question....* (emphasis added).

*McCarty* at 967–68.

Horn does not challenge the standard to be applied in determining whether he had a duty to remit the taxes. Instead, he argues there is a question of fact concerning his authority to control the funds of the corporation and that he was not given an opportunity to rebut the presumption that he had such authority.

Horn misunderstands summary judgment proceedings. The purpose of summary judgment procedure is to provide for prompt disposition of cases where there is no genuine issue of material fact. *Perry v. Northern Indiana Public Service Co.* (1982), Ind.App., 433 N.E.2d 44. Summary

judgment is properly granted "if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, ... together with any testimony show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). The moving party has the burden of establishing there are no material facts in issue. *Anderson v. State Farm Mutual Automobile Insurance Co.*, (1984), Ind.App., 471 N.E.2d 1170. However, the nonmovant may not rest on mere allegations or denials of pleadings, but must set forth specific facts showing that there is a genuine issue of fact. *Yoder v. Cromwell State Bank* (1985), Ind.App., 478 N.E.2d 131. All supporting materials must be liberally construed in favor of the nonmoving party. *Norman v. Turkey Run Community School Corp.* (1980), 274 Ind. 310, 411 N.E.2d 614.

Here, the materials before the trial court showed Horn was president of the corporation, a member of the board of directors and the chief stockholder. In his answers to interrogatories, Horn said he managed the restaurant and stated:

> "I made decisions on all bills for supplies, utilities, repair, and payroll. Mr. Wesling [2] kept the books and made decisions on taxes and other bills."

This clearly indicates Horn had authority to control the funds of the corporation.

In *Van Orman, supra,* F. Harold Van Orman was president, general manager and majority shareholder of Van Orman Enterprises, Inc., which operated a hotel. Revenue sought to hold him personally liable for sales taxes owed by the corporation. Van Orman presented evidence that during the time period in question he was recovering from a cerebral hemorrhage and surgery. However, there was also evidence that during that time period he continued to serve as president, signed a few checks on behalf of the corporation and took some part in its management. In affirming the trial court's determination that Van Orman

---

**2.** Mr. Wesling, who is now deceased, kept the books for the corporation. Horn claims that he was also a member of the board of directors, however, the Articles of Incorporation, which are included in the record, do not show Wesling as a director.

was personally liable for the taxes, this court stated: "[the trial court] must have concluded that despite Van Orman's medical problems, the exercise of his corporate office was a matter within his discretion and subject to his will". *Id.* at 1304.

Horn correctly notes that the *Van Orman* decision was entered after trial, not on summary judgment. However, in order to rebut the presumption—that as president, majority shareholder and member of the board of directors he was personally liable for the taxes—so as to avoid summary judgment, Horn must do more than merely allege another person kept the books and made some decisions on the disbursement of funds. Instead, he must set forth specific facts showing he had no authority to control the funds of the corporation or was incapable of exercising such control. In other words, as the court stated in *McCarty, supra,* he had the affirmative duty to present evidence "that in actual fact he lacked the ultimate authority to withhold and pay the employment taxes in question ..." *Id.* at 968.

■ In addition, there is no requirement that the officer be the sole party in control of the funds in order for such an officer to be determined to have a duty to remit taxes. In *Dunkerson, supra* Judge Fisher adopted the following reasoning:

> It is inconsequential that exclusive control over all corporate affairs was not vested in him, or that the corporation's president retained a considerable measure of decision-making discretion. Section [6672][3] is not so phrased or designed as to exclude one corporate officer from its sanction merely because it might also be held to extend to another. Realistically read, the subsection encompasses all those who are so connected with a corporation as to have the responsibility and authority to avoid the default which constitutes a violation of § [6672], even though liability may thus be imposed on more than one person.

*Id.* at 211, quoting *Scott v. United States* (1965), 173 Ct.Cl. 650, 354 F.2d 292, 296.

**3.** I.R.C. § 6672 provides: "Any person required to collect over, truthfully account for, and pay over any tax [withholding and sales taxes] ...

Horn filed an affidavit of his attorney, Jack B. Welchons. However this affidavit primarily consists of legal conclusions, and does not aver personal knowledge. A party may not convert legal conclusions into specific facts sufficient to raise a factual issue simply by putting such assertions in an affidavit. *See Sanchez v. Hamara* (1989), Ind.App., 534 N.E.2d 756.

After review of the above facts and the law, we must conclude the court correctly granted summary judgment because Horn failed to present specific facts sufficient to rebut the presumption he had the ultimate authority to pay the taxes. The only thing he can possibly rely on is his statement that "Wesling kept the books and made decisions on taxes and other bills". This is not a specific fact which can create a genuine factual issue. It does not indicate the type of decisions made by Wesling (i.e., the amount owed, how or when paid, or the ultimate decision to pay or not pay). This merely indicates that another person may have been involved in decisions concerning the taxes. This is insufficient to overcome the presumption Horn had the responsibility and authority to avoid the default.

## II. Discharge In Bankruptcy.

■ Revenue argues that Horn's personal liability for the sales and withholding taxes was not discharged in bankruptcy, because such taxes are not dischargeable pursuant to 11 U.S.C. §§ 507(a)(7)(C), 523(a)(1) and 727(b). Horn does not dispute this assertion but argues that these sections do not apply to "vicarious" liability such as Horn's.

Section 727(b) of the Bankruptcy Code provides:

> (b) *Except as provided in section 523 of this title,* a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or

who willfully fails to ... pay over such tax ... shall be liable to a penalty...."

liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

(emphasis added). Section 523(a)(1)(A) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

Section 507(a)(7)(C) provides:

(a) The following expenses and claims have priority in the following order:

\*    \*    \*    \*    \*    \*

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

\*    \*    \*    \*    \*    \*

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

Therefore, taxes covered by section 507(a)(7)(C) are not dischargeable in bankruptcy. Sales/use taxes and withholding taxes are commonly referred to as "trust fund taxes" because the debtor is required to collect or withhold such taxes from others as an agent of the State and therefore holds them in trust for the State. 3 Collier on Bankruptcy § 5078–21. Such taxes are not dischargeable in bankruptcy. *Shank v. Washington State Department of Revenue* (9th Cir.1986) 792 F.2d 829. Here, Hogo and Horn were required to collect or withhold the taxes from others pursuant to Ind.Code §§ 6–2.5–9–3, 6–3–4–8(a). Such

taxes are "trust fund taxes" and pursuant to Section 523(a)(1)(A) not dischargeable.

In addition, the order of the bankruptcy court releasing Horn's debts indicates that only dischargeable debts are released. The order reads in pertinent part: "The above named debtor [Horn] is released from all *dischargeable* debts." (Emphasis added).

As we noted Horn does not dispute that such taxes are not dischargeable in bankruptcy, but claims that he is only "vicariously" liable for such taxes, because Hogo was primarily liable for remitting the taxes. Horn cites no authority for this argument. This argument is meritless. As we explained, Horn is personally liable for the taxes. Section 507(a)(7)(C) refers to taxes "for which the debtor is liable in *whatever capacity*." (Emphasis added).

Therefore, the trial court erred in granting sumary judgment in favor of Horn.

### III. The Amount of the Judgment.

Finally, Revenue claims the amount of the judgment is contrary to the evidence. The original superior court complaint alleged Horn owed $9,093.41 (sales tax). Later Revenue filed an amended complaint alleging an additional sum of $1,863.43 ($820.93 in withholding taxes and $1,042.50 in additional sales taxes) was due. The trial court entered judgment in the amount of $9,093.41—the amount prayed for in the original complaint. The department filed copies of tax warrants which totalled $10,-956.84—the amount in the original complaint and the additional amount in the amended complaint.[4] The amount of the judgment was contrary to the evidence and should be corrected to $10,956.84.

---

**4.** The amounts shown on the tax warrants were as follows:

|  |  |  |
|---|---|---|
| $ 820.93 | – withholding taxes | |
| $1,042.50 | – sales taxes | |
| $ 970.15 | –    " | " |
| $ 936.21 | –    " | " |
| $1,098.11 | –    " | " |
| $1,843.08 | –    " | " |
| $1,441.83 | –    " | " |
| $1,706.42 | –    " | " |
| $1,097.61 | –    " | " |

$10,956.84

Therefore we vacate the judgments of the Grant Circuit Court and order the cases dismissed. We reverse the judgment of Grant Superior Court against Hogo, reverse the grant of summary judgment in favor of Horn, and remand with instructions to grant summary judgment against Hogo and Horn in the amount of $10,956.84.

CHEZEM, P.J., and BUCHANAN, J., concur.