**VANDERBURGH COUNTY, Vanderburgh County Police Pension Plan, and Vanderburgh County Sheriff, Appellants–Defendants,**

v.

**Lee WEST, Appellee–Plaintiff.**

No. 65A01–9009–CV–349.

Court of Appeals of Indiana,
First District.

Jan. 14, 1991.

David V. Miller, Jeffrey S. Harlan, Bowers, Harrison, Kent & Miller, Evansville, for appellants-defendants.

R. Lawrence Daly, Wright, Evans & Daly, Evansville, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The Posey Circuit Court granted Lee West declaratory judgment awarding retroactive pension benefits for two years of prior service. Vanderburgh County, Vanderburgh County Police Pension Plan, and Vanderburgh County Sheriff (collectively Vanderburgh) appeal the court's entry of summary judgment for West. We reverse and remand.

## FACTS

West began employment with the Vanderburgh County Sheriff's Department on November 9, 1959. In 1961, IND.CODE § 36–8–10–12 was adopted which authorized sheriff's departments to establish pension trusts as retirement plans for employees. The Vanderburgh County pension plan became effective January 1, 1962. The sheriff's department and employees jointly contribute to fund the plan to provide disability, retirement, and death benefits for employees. Each month, the employee contributes four percent (4%) of his salary.

In 1984, I.C. § 36–8–10–12 was amended. The amendment allows the amount of monthly pension benefits to be increased up to two percent (2%) for each year of service over twenty (20) years, if the fund will remain actuarially sound. However, the Vanderburgh County pension plan con-

tains a provision prohibiting credit prior to January 1, 1962.

After West retired on January 29, 1988, he applied for pension benefits. Benefits for 1960 and 1961 were denied. Thereafter, West sued to recover benefits for the two-year period. The trial court determined West was entitled to benefits for 1960 and 1961 minus $369.60 to reflect the amount West would have been required to contribute to the fund for those two years. Vanderburgh appeals the court's declaratory summary judgment. West cross-appeals alleging the court erred in ordering a reduction of $369.60 from the benefits.

### ISSUE

The sole issue on review is:

Whether West is entitled to credit for years of service before the Vanderburgh County pension plan became effective.[1]

### DISCUSSION AND DECISION

 We review the propriety of the trial court's grant of summary judgment in favor of West applying the same standard of review as the trial court. *Marathon Petroleum v. Colonial Motel* (1990), Ind. App., 550 N.E.2d 778, 780–81. Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to a judgment as a matter of law. *Id.;* Trial Rule 56(C). We resolve any doubts against West and consider all facts properly asserted by Vanderburgh as true. *See Marathon Petroleum,* 550 N.E.2d at 781.

Vanderburgh contends the trial court erred in finding that West is entitled to credit for benefits prior to 1962. Vanderburgh initially argues prior service credit was not provided for by the legislature in I.C. § 36–8–10–12. Therefore, Vanderburgh maintains the absence of such provision shows the legislature did not intend to allow such credit. Vanderburgh inherently argues the statute is ambiguous and requires interpretation. Conversely, West argues the statute clearly and unambiguously allows prior service credit because it does not prohibit it expressly. The 1961 enactment provides:

"(i) To be entitled to the full amount of his pension classification, an employee beneficiary must have contributed at least twenty (20) years of service to the department before retirement. Otherwise he is entitled to receive a pension proportional to the length of his service."

I.C. § 36–8–10–12. The relevant language of the 1984 amendment states:

"(j) ... the maximum monthly pension for an employee beneficiary who retires after December 31, 1984, may be increased by no more or no less than Two Percent (2%) of that average monthly wage with each year of service over twenty (20) years...."

I.C. § 36–8–10–12. The amendment clearly allows persons retiring after 1984 to collect pension benefits increased up to two percent (2%) for each year of service over twenty years. The statute does not address whether years served before a particular plan's effective date are within the scope of the 2% increase. The original statute validating pension plans also is silent as to whether years served before a plan becomes effective are counted to determine benefit eligibility.

 A statute must be held to mean what it clearly and plainly expresses and its plain, clear, and obvious meaning may not be enlarged or restricted. *Knox County Rural Electric Membership Corp. v. Public Service Company of Indiana, Inc.* (1966), 139 Ind.App. 547, 556–57, 213 N.E.2d 714, 720, *trans. denied.* We may not, under the guise of construction, put something into a statute that the legislature apparently designedly omitted. *Poyser v. Stangland* (1952), 230 Ind. 685, 689, 106 N.E.2d 390, 391. Therefore, we interpret the lack of a provision on prior service credit as an indication of the legislature's intent to disallow prior service credit. Therefore, the clearly expressed intention of the plan not to credit service prior to January 1, 1962, is controlling. *Accord Benguiat v. City of Los Angeles* (1971), 15 Cal.App.3d 621, 627, 93 Cal.Rptr. 315. We find the trial court erred as a matter of law in entering summary judgment for West.

We reverse and remand with instructions for the trial court to vacate its summary judgment favoring West, and enter summary judgment in favor of Vanderburgh.

Reversed and remanded.

1. Because we find the first issue to be dispositive, we do not address other issues raised on appeal.

SHIELDS, P.J., and ROBERTSON, J., concur.