**Zinat SAFAYAN, Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–9302–TA–00011.

Tax Court of Indiana.

March 18, 1994.

George P. Adinamis, Carol M. Adinamis, Adinamis & Adinamis, James W. Bradford, Indianapolis, for petitioner.

Pamela Carter, Atty. Gen., Brian D. Scott, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

The Petitioner, Zinat Safayan (Safayan), appeals the final determination of the Respondent, the Indiana Department of State Revenue (the Department), assessing Safayan with gross retail tax (sales tax) pursuant to IND.CODE 6–2.5–9–3 and withholding tax pursuant to IND.CODE 6–3–4–8, plus penalties and interest, for the years 1989, 1990, and 1991 (the years in issue). The Department assessed Safayan as president of G.D.G.F.; Inc. (the Corporation). The matter is before the court on the parties' cross-motions for summary judgment.

## ISSUES

The court consolidates the issues raised in the parties' cross-motions for summary judgment as:

I. Whether the Corporation is liable for the delinquent sales and withholding taxes of the Restaurant.

II. Whether Safayan is personally liable for the delinquent sales and withholding taxes of the Corporation.

## FACTS

In December of 1985, Safayan, Doctor Esfandiar Safayan, Dennis Grubb, and Teressa Grubb formed the Corporation to operate Gib & Denzil's Restaurant (the Restaurant). The Safayans contributed $43,000 in exchange for 51 percent of the corporate stock. The Grubbs contributed their restaurant management expertise in exchange for 49 percent of the corporate stock. Safayan was named as president of the Corporation. Es-

fandiar Safayan and Dennis Grubb were named vice presidents and Teressa Grubb was named secretary and treasurer of the Corporation. The four stockholders were the directors of the Corporation.

During the years in issue, the Corporation operated the Restaurant in Bloomington, Indiana. The Safayans, both professionals in Terre Haute, Indiana, did not participate in the management of the Restaurant. Instead, the Corporation hired Dennis Grubb under an employment contract to manage the operations of the Restaurant. Dennis Grubb's specific duties included maintaining and preparing accurate and current financial information. Teressa Grubb, as secretary and treasurer, maintained the accounting system. The Grubbs were the sole authorized signatories on the Corporation's checking account. Teressa Grubb signed the 1988 corporate income tax return. Safayan, as president, signed the 1989 and 1990 corporate income tax returns.

In January of 1991, Safayan learned the Restaurant was delinquent in its payments to many of its creditors and also in its payment of sales and withholding taxes to the Department. On January 28, 1991, the Corporation filed for bankruptcy protection under 11 U.S.C. § 1101 *et seq.* (Chapter 11). Shortly thereafter, the Grubbs resigned from the Corporation. In November of 1991, Safayan signed and filed the Corporation's sales and withholding tax returns for 1988, 1989, and 1990 along with a letter disclaiming personal liability for the taxes.

Nevertheless, the Department assessed Safayan, as president of G.D.G.F., Inc., with the delinquent sales and withholding taxes for 1989, 1990, and 1991. Safayan protested and the Department held a hearing on December 4, 1992. The Department issued its final determination on January 19, 1993. Safayan now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### STANDARD OF REVIEW

The standard for granting summary judgment is not altered by cross motions for summary judgment. *Bulkmatic Transp. Co.*

*v. Indiana Dep't of State Revenue* (1994), Ind.Tax, 629 N.E.2d 955, 956 (quoting *Caylor–Nickel Clinic P.C. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 569 N.E.2d 765, 766, *aff'd* (1992), Ind., 587 N.E.2d 1311). "The court will grant summary judgment only if no genuine issue of material fact exists and a party is entitled to judgment as a matter of law." *Id.,* 629 N.E.2d at 957 (citing *Fort Wayne Nat'l Corp. v. Indiana Dep't of State Revenue* (1993), Ind.Tax, 621 N.E.2d 668, 670). *See also C & C Oil Co. v. Indiana Dep't of State Revenue* (1991), Ind. Tax, 570 N.E.2d 1376, 1378 (citing *Indianapolis Pub. Transp. Corp. v. Indiana Dep't of State Revenue* (1987), Ind.Tax, 512 N.E.2d 906, 907, *aff'd* (1990), Ind., 550 N.E.2d 1277).

"The moving party bears the burden of proving first, that no genuine issue of material fact exists and second, that the moving party is entitled to judgment as a matter of law." *Id.* at 1378 (citing *ITT Commercial Fin. Corp. v. Union Bank & Trust Co.* (1988), Ind.App., 528 N.E.2d 1149, 1152). Safayan asserts that there are no genuine issues of material fact, and that she is entitled to a determination as to her personal liability, as president of the Corporation, for the sales and withholding taxes at issue.

### I. *G.D.G.F., Inc.'s Liability*

The court's initial inquiry is whether the Corporation is liable for the Restaurant's delinquent sales and withholding taxes. Safayan argues that the Corporation is liable because it owns and operates the Restaurant. The Department contends, for the first time in its motion for summary judgment, that the general partnership formed by Safayan, Esfandiar Safayan, Dennis Grubb, and Teressa Grubb owns and operates the Restaurant and is thus liable for the Restaurant's delinquent taxes.

"Facts alleged in the complaint are taken as true except to the extent they are negated by other pleadings, depositions, answers to interrogatories, affidavits, or other evidence presented by the moving party." *Id.* at 1378 (quoting *Kahf v. Charleston S. Apartments* (1984), Ind.App., 461 N.E.2d 723, 729). Safayan, in accord with Ind.Trial Rule 56, has designated the following items for the court's consideration in determining the Depart-

ment's motion: the partnership agreement; the 1988 and 1989 partnership tax returns; the Corporation's W–2 Forms; the Corporation's 1987 and 1988 tax returns; the affidavits of Safayan, Esfandiar Safayan, and Steve Groh, an employee of the Restaurant; the Corporation's employment contract with Dennis Grubb; the Department's notices of tax assessment; and the Department's letter of finding. The partnership's tax returns and the Corporation's tax returns, along with the Corporation's W–2 Forms, account for the Restaurant as though owned and operated by the Corporation. The Corporation's employment contract with Dennis Grubb further displays that the Corporation operates the Restaurant and the affidavits of Safayan and Esfandiar Safayan attest to that fact and that the Corporation owns the Restaurant. Moreover, the Department in its notices of assessed tax and in its letter of findings recognize the Corporation as the owner and operator of the Restaurant.

Because the evidence designated by Safayan demonstrates the absence of a genuine issue of material fact as to the ownership of the Restaurant, "[t]he burden therefore shifts to the Department to show the existence of a genuine issue of material fact by specifically setting forth contrary facts either in affidavits, depositions, testimony, or as otherwise provided in T.R. 56(C)." *Id.* at 1378 (citing *ITT Commercial*, 528 N.E.2d at 1151). The Department, however, did not designate any material for the court to consider. Nevertheless, because Safayan designated the partnership agreement, the Department may and does rely on it to show the partnership owned and operated the Restaurant. The partnership agreement does not, however, show that the partnership owned and operated the Restaurant during the years in issue, nor does it respond to Safay-

an's assertion that the Corporation owned and operated the Restaurant during the years in issue. Therefore, the court finds the mere reliance on the partnership agreement and use of the name "Gib & Denzil's Restaurant" insufficient to show the partnership owned and operated the Restaurant during the years in issue. *See Id.* The Department has failed to meet its burden.

The court relies on the designated evidence, which shows the Restaurant used the Corporation's tax identification number, the Department's assessed the Corporation for the Restaurant's delinquent taxes, and the parties believed the Corporation was the owner and operator of the Restaurant, and therefore finds that the Corporation owns and operates the Restaurant.[1] Accordingly, the court must now determine the Restaurant's liability for the sales and withholding taxes.

The sales tax is an excise tax imposed on retail transactions made in Indiana. IND. CODE 6–2.5–2–1(a). Furthermore,

[t]he person who acquires property in a retail transaction is liable for the tax on the transaction and, except as otherwise provided in this chapter, shall pay the tax to the retail merchant as a separate added amount to the consideration in the transaction. The retail merchant shall collect the tax as agent for the state.

IC 6–2.5–2–1(b). Therefore, the Restaurant, as an agent of the State, must collect sales tax on its retail transactions and has the duty to remit the sales tax to the State.

As for the withholding tax,

[e]very employer making payments of wages subject to tax under IC 6–3, regardless of the place where such payment is made, who is required under the provisions

---

1. The Department also contends the Corporation's failure to file a certificate of assumed name pursuant to IND.CODE 23–15–1–1, is dispositive of the ownership issue. This argument fails, however, because the purpose of filing a certificate of assumed name is to protect the public from fraud and imposition by preventing business entities from concealing their identity. *Sheraton Corp. of America v. Kingsford Packing Co.* (1974), 162 Ind.App. 470, 319 N.E.2d 852. Thus, the failure to meet the requirement of filing a certificate of assumed name does not prohibit a corporation from conducting of business in Indiana under the assumed name, instead it simply subjected the Corporation to a Class B infraction penalty pursuant to IND.CODE 23–15–1–3. Had the legislature intended a greater penalty, it could easily have done so. It did not and the court cannot add to the statute. *See Vanderburgh County v. West* (1991), Ind.App., 564 N.E.2d 966, *trans. denied.*

of the Internal Revenue Code[2] to withhold, collect, and pay over income tax on wages paid by such employer to such employee, shall, at the time of payment of such wages, deduct and retain therefrom the amount prescribed in withholding instructions issued by the department.... Such employer making payments of any wages:

(1) shall be liable to the state of Indiana for the payment of the tax required to be deducted and withheld under this section and shall not be liable to any individual for the amount deducted from his wages and paid over in compliance or intended compliance with this section; and

(2) shall make return of and payment to the department monthly of the amount of tax which, under IC 6–3 and IC 6–3.5, he is required to withhold.

IC 6–3–4–8(a). It is undisputed that the Restaurant pays wages to its employees and withholds the required tax, therefore, IC 6–3–4–8(a)(1) holds the Restaurant liable to the State for the payment of tax withheld. Since the Restaurant is owned and operated by the Corporation, the court finds the Corporation is liable for the Restaurant's sales and withholding taxes for the years in issue.

## II. *Safayan's Personal Liability*

■ The Department held Safayan personally liable for the Corporation's delinquent sales and withholding taxes because the Corporation did not pay the taxes, was insolvent, and filed for bankruptcy protection on January 28, 1991. The Department relies on IND.CODE 6–2.5–9–3 to support its action.

An individual who:

(1) . . . is an employee, officer, or member of a corporate or partnership retail merchant; and

(2) has a duty to remit state gross retail or use taxes to the department of revenue; holds those taxes in trust for the state and is personally liable for the payment of those taxes, plus any penalties and interest attributable to those taxes, to the state.

IC 6–2.5–9–3. Likewise, "a corporate or partnership employer, every officer, employee, or member of such employer, who, as such officer, employee, or member is under a duty to deduct and remit [withholding] taxes shall be personally liable for such taxes, penalties, and interest." IND.CODE 6–3–4–8(f). "To decide whether the petitioner is a responsible officer, that is, under a duty to remit, the statutes are indistinguishable." *Dunkerson v. Indiana Dep't of Revenue* (1987), Ind.Tax, 513 N.E.2d 209, 210. Thus, Safayan's personal liability for the payment of the delinquent sales and withholding taxes plus interest and penalties is based on a two-prong analysis: (1) whether Safayan is an officer, and (2) whether she has a duty to remit the taxes to the Department. *See* IC 6–2.5–9–3; 6–3–4–8(f).

It is undisputed and the court finds that Safayan, as president, was an officer of the Corporation during the years in issue. Therefore, the sole question that remains is whether Safayan was under a duty to remit the sales and withholding taxes to the Department.

Indiana courts have addressed the question of a corporate president's personal liability on three occasions. *Dunkerson,* 513 N.E.2d 209; *State v. Hogo, Inc.* (1990), Ind. App., 550 N.E.2d 1320; *Van Orman v. State* (1981), Ind.App., 416 N.E.2d 1301. Generally, the president is presumptively liable for the payment of taxes. *Hogo,* 550 N.E.2d at 1324. The presumption is negated if the president can establish "in actual fact [she] lacked the *ultimate* authority to withhold and pay the . . . taxes in question." *Id.* (quoting *McCarty v. United States* (Ct.Cl.1971), 437 F.2d 961, 968 (emphasis added). This court has acknowledged, however, that individuals performing only minimal corporate functions have been held liable for delinquent sales and withholding taxes of the corporation. *Dunkerson,* 513 N.E.2d at 212 (citing *Schweitzer v. United States* (D.Neb.1961), 193 F.Supp. 309).

In *Dunkerson,* the president was held liable for corporate taxes because, among other things, he devoted all of his time to the

---

**2.** 26 U.S.C.A. § 3401 *et seq.*

operation of the corporate business and was authorized at all times to sign checks on behalf of the corporation. *Dunkerson,* 513 N.E.2d at 211. Similarly, in *Hogo* the president was held liable for the taxes because he had the authority to control the funds of the corporation, despite the fact that he relinquished the responsibility to pay taxes to another. *Hogo,* 550 N.E.2d at 1323. The court in *Van Orman* held that the mere surrender of daily operations by the president to an employee is insufficient to alleviate tax liability. *Van Orman,* 416 N.E.2d at 1305. More specifically, the court stated that, despite the president's debilitating illness, he continued as president and general manager, signed checks, and the exercise of his authority was within his "discretion and subject to his will." *Id.* at 1304.

In the present case, however, Safayan "lacked the authority to sign checks, disburse corporate funds, hire and fire employees, pay wages to the employees, decide which creditors and in what order the creditors would be paid, [and to] pay sales or payroll taxes." *Respondent's Exhibit 5* (Safayan's answers to interrogatories attached to Respondent's Response to Petitioner's Motion for Summary Judgment). Moreover, Dennis Grubb signed an employment agreement with the Corporation, which provided that his "duties [would] include, but not be limited to, supervision, management, selection of personnel, maintenance and preparation of accurate and current financial information, documentation and records." *Petitioner's Exhibit 4* (attached to Petitioner's Motion for Summary Judgment).

"Each [corporate] officer has the authority and shall perform the duties set forth in the bylaws or, to the extent consistent with the bylaws, the duties prescribed by the board of directors...." IND.CODE 23-1-36-2. Here, the Corporation's bylaws provide in pertinent part that the president shall "discharge all the duties which devolve upon a presiding officer, and perform such other duties as the Code of By-Laws provides or the Board of Directors may prescribe." *Petitioner's Exhibit 10* (attached to Petitioner's Motion for Summary Judgment).

The Department, relying on *Kinnie v. United States* (E.D.Mich.1991), 771 F.Supp. 842, argues that the Corporation's bylaws grant Safayan the inherent authority to remit the Corporation's taxes. The court in *Kinnie* stated that persons with inherent authority, such as owners, officers or directors, are responsible for the payment of taxes as a matter of law, regardless of their duties. *Id.* at 849. Federal case law is helpful in determining who is a "responsible person," the officer or employee having the duty to remit taxes, since the I.R.C. § 6671(b) and § 6672 contain language similar to the Indiana statutes. *Dunkerson,* 513 N.E.2d at 211. State corporation and tax law are, however, matters of the state and this court is not bound by a district court's decision, in any event.

The Corporation's bylaws specifically mandate the treasurer to "keep correct and complete records of account, showing accurately at all times the financial condition of the Corporation, ∴ be the legal custodian of all moneys, notes, securities and other valuables ... [and] perform such other duties as the Code of By-Laws may require or the Board of Directors may prescribe." *Petitioner's Exhibit 10* (attached to Petitioner's Motion for Summary Judgment). As stated earlier, the mere presence of another officer with authority to disburse funds does not, however, negate the responsible officer's liability. *Id.* at 211. Here the Corporation's articles of incorporation and corporate bylaws do not limit the president's authority to exercise control over corporate affairs. On the other hand, they don't specifically provide the authority to the president.

The court distinguishes *Dunkerson* from the case at bar because Safayan was not involved in the Corporation's operations at all. Steve Groh, Vera Groh, and Elizabeth Covey, employees of the Restaurant, did not know that Safayan was any more than a patron of the Restaurant. *See Petitioner's Exhibits 5, 6, & 7* (attached to Petitioner's Motion for Summary Judgment). Furthermore, the employees' stated that Teressa Grubb signed their paychecks, managed the books, and also stated that there were no other owners. *See Petitioner's Exhibits 5, 6, & 7* (attached to Petitioner's Motion for Summary Judgment). The Department did not

offer any affidavits or evidence to contradict the employees' affidavits.

Furthermore, the Corporation's Indiana National Bank checking account signature card effective August 24, 1988, lists Teressa and Dennis Grubb as the sole authorized signatories to the account. *See Petitioner's Exhibit 8* (attached to Petitioner's Motion for Summary Judgment). Indiana National Bank did not recognize Safayan as an authorized disburser of the Corporation's funds; therefore, Safayan was not authorized to execute negotiable instruments for the Corporation through Indiana National Bank, even to pay the taxes.

Thus, this case is distinguishable from the *Hogo, Dunkerson,* and *Van Orman* cases in that Safayan, as president, did not participate in the management of the Corporation nor did she have the specific authority under the bylaws or with Indiana National Bank to disburse the Corporation's funds. Safayan's interest and involvement in the Corporation was more as an investor and not as a manager of the Restaurant.

Accordingly, the court finds that Safayan does not have the duty to remit the sales and withholding taxes. Therefore, Safayan is not personally liable for the delinquent sales and withholding taxes of the Corporation.

### CONCLUSION

For the reasons stated, the court hereby GRANTS summary judgment to Safayan and DENIES summary judgment to the Department.