Robert S. LAIR and Donna K. Lair, Plaintiffs,

v.

LEWIS SERVICE CENTER, INC., a Nebraska Corporation, Defendant.

No. CV76–L–82.

United States District Court, D. Nebraska.

Jan. 22, 1977.

Richard D. Sievers, Lincoln, Neb., for plaintiff.

Karen B. Flowers, Lincoln, Neb., for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

URBOM, Chief Judge.

The defendant has filed a motion for summary judgment, filing 15. This case is brought under Subchapter IV of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981 to 1991. Subchapter IV deals with odometer requirements. The action involves the December, 1975, sale of a 1973 Mack truck bearing identification number FS795LST–14279. The defendant's liability is asserted to rest on:

1. 15 U.S.C. § 1987 [1], for the defendant's having altered and disconnected the odometer with intent to defraud and having failed to disclose to the plaintiff the actual mileage traveled by said vehicle, with the intent to defraud; and

2. 15 U.S.C. § 1988 [2], for the defendant's having represented to the plaintiff at the time of sale that the actual mileage of the vehicle was 75,000 miles, when such representation was false, known by the defendant to be false, and made with the intent to defraud the plaintiff.

Damages are sought under 15 U.S.C. § 1989(a). [3]

The defendant's motion as to the § 1987 claim is predicated on the plaintiff's failure to establish any sort of "intent to defraud," as required for recovery under § 1989(a). The defendant's position is that the change in the odometer reading occurred when the defendant installed a new cab assembly, including a new odometer, in the fall of 1974.

■ A motion for summary judgment cannot be granted unless there is no genuine issue of any material fact; the facts must be viewed in the light most favorable to the party opposing the motion and that party must be given the benefit of all reasonable inferences. Whether the failure to post the required notice was done here with an intent to defraud is a question of fact which cannot be determined on this motion for summary judgment. As the defendant concedes, intent to defraud can be established by inference. The plaintiff Robert S. Lair in his deposition states that an employee of the defendant misrepresented the actual miles at the time of the sale, misrepresented that the vehicle was a one-owner vehicle, and misrepresented the applicabili-

1. 15 U.S.C. § 1987 states:
"Nothing in this subchapter shall prevent the service, repair, or replacement of an odometer, provided the mileage indicated thereon remains the same as before the service, repair, or replacement. Where the odometer is incapable of registering the same mileage as before such service, repair, or replacement, the odometer shall be adjusted to read zero and a notice in writing shall be attached to the left door frame of the vehicle by the owner or his agent specifying the mileage prior to repair or replacement. Any removal or alteration of such notice so affixed shall be unlawful."

2. 15 U.S.C. § 1988 states:
"(a) Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:
(1) Disclosure of the cumulative mileage registered on the odometer.
(2) Disclosure that the actual mileage is unknown, if the odometer reading is known

to the transferor to be different from the number of miles the vehicle has actually traveled.
"Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.
"(b) It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules."

3. 15 U.S.C. § 1989(a) states:
"(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—
(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and
(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court."

ty of the warranty. If such be true, which must be assumed at this point, it tends to show an intent to defraud in the failure to attach the required notice. Accordingly, the motion for summary judgment as to the § 1987 claim will be denied.

The defendant's motion as to the § 1988 claim is predicated on the exemption of this vehicle from the requirements of § 1988 by 49 C.F.R. § 580.5. Section 1988 provides that the Secretary of Transportation should have rule-making power to require any transferor to give a written disclosure of the cumulative mileage on the odometer, or that such is unknown, if the odometer reading is known to be erroneous, to the transferee in connection with the transfer of ownership of a motor vehicle. Pursuant thereto, 49 C.F.R. §§ 580.1 to 580.6 were promulgated. The specific requirements for an odometer mileage statement are there set out. Additionally, 49 C.F.R. § 580.5 provides:

"Notwithstanding the requirements of § 580.4—

(a) A transferor of any of the following motor vehicles need not disclose the vehicle's odometer mileage:

(1) A vehicle having a gross vehicle weight rating, as defined in § 570.3 of this chapter, of more than 16,000 pounds;

(2) A vehicle that is not self-propelled; or

(3) A vehicle that is 25 years old or older.

(b) A transferor of a new vehicle prior to its first transfer for purposes other than resale need not disclose the vehicle's odometer mileage."

The vehicle here is one whose gross vehicle rating, as defined in 49 C.F.R. § 571.3, is 44,500 pounds.[4] Accordingly, if the regulation is valid, the cause of action under § 1988 must be dismissed.

The plaintiff strongly disputes the regulation's validity and argues that no authority was given to the National Highway Traffic Safety Administration of the Department of Transportation to exempt anyone from the operation of 15 U.S.C. § 1988.

Section 1988 applies to the transfer of a "motor vehicle." That term is defined at 15 U.S.C. § 1901(15):

"The term 'motor vehicle' means any vehicle driven or drawn by mechanical power manufactured primarily for use on the public streets, roads, and highways, except any vehicle operated exclusively on a rail or rails."

That exact definition was contained in the original version of both the Senate and the House bills on odometer requirements, although the exception for rail vehicles was later added.

Section 1901 is the general compilation of definitions used in the four subchapters of the Motor Vehicle Information and Cost Savings Act. Included among the definitions of § 1901 are definitions for a "passenger motor vehicle"[5] and "multipurpose passenger motor vehicle."[6] The use of the

---

**4.** 49 C.F.R. § 571.3 defines gross vehicle weight rating as "the value specified by the manufacturer as the loaded weight of a single vehicle." The defendant has submitted an affidavit that the manufacturer's specification for this vehicle is 44,500 pounds. While it is true that 49 C.F.R. § 580.5 refers the reader to § 570.3, rather than § 571.3, the total irrelevance of the former section makes it obvious that this is a misprint. The plaintiff's method of weighing the vehicle, which resulted in a weight of 15,-650 pounds, is irrelevant to the regulatory definition.

**5.** Section 1901(1) states:

"The term 'passenger motor vehicle' means a motor vehicle with motive power, designed for carrying twelve persons or less, except (A) a motorcycle or (B) a truck not designed

primarily to carry its operator or passengers."

The term is used in the subchapter of the Act dealing with bumper standards and consumer information study.

**6.** Section 1901(2) states:

"The term 'multipurpose passenger vehicle' means a passenger motor vehicle which is constructed either on a truck chassis or with special features for occasional off-road operation."

The term is used in the subchapter of the Act dealing with bumper standards; the Secretary of Transportation is therein granted authority to exempt partially or completely such vehicles.

term "motor vehicle" in § 1988, defined so broadly in § 1901(15), when juxtaposed with the narrowing definitions of §§ 1901(1) and (2) as applied to other subchapters of the Act, appears to leave little room for a regulatory exemption to the term "motor vehicle."

The court in *Grambo v. Loomis Cycle Sales,* 404 F.Supp. 1073 (U.S.D.C.N.D.Ind. 1975), considered whether motorcycles were covered by the Act. The court simply said that a motorcycle satisfied the statutory definition of a motor vehicle, i. e., it was a vehicle driven or drawn by mechanical power for use on the public streets, roads, and highways. That § 1987 could not be literally complied with, in that there was no left door on which to hang a certificate, was considered immaterial. However, the court was not there confronted with a regulation exempting the vehicle.

The defendant has referred the court to 38 Fed.Reg. 2978 (1973), wherein the National Highway Traffic Safety Administration explained its reasons for promulgating the regulations which include 49 C.F.R. § 580.5. It states:

"A new section, Section 580.5, has been added in response to a number of comments that objected to the application of the requirements to categories of vehicles for which the odometer is not used as a guide to value. Busses and large trucks, for example, are routinely driven hundreds of thousands of miles, and their maintenance records have traditionally been relied on by Buyers as the principal guide to their condition. The NHTSA is in agreement with the position taken by Freightliner, White, and the National Association of Motor Bus Operators, and has therefore created an exemption for larger vehicles. The exemption applies to vehicles having gross weight ratings of more than 16,000 lbs."

This court has no doubt that these are very cogent and persuasive reasons for exempting such large trucks. But Congress did not choose to enact such an exemption.

I have examined fully the terms of the Act and its legislative history. I find it clear that authority to promulgate 49 C.F.R. § 580.5(a)(1) is simply not present. Additionally, I find that the regulatory exemption is plainly at odds with the broad definition of motor vehicles employed by the statute. Under such circumstances, the law is well stated by Judge Van Oosterhout in *United States v. Maxwell,* 278 F.2d 206, 210 (C.A. 8th Cir. 1960):

". . . Promulgation of regulations to aid in the carrying out of a statutory program is necessary and desirable. We have no quarrel with the authorities holding that regulations authorized by and consistent with statutes are binding and that such regulations prescribed by an administrative authority are entitled to great weight. It is established law that legislative power rests in Congress and that the will of Congress as unambiguously expressed in a properly enacted statute cannot be amended or altered by regulation. Regulations are entitled to consideration in construing an ambiguous statute. However, a regulation to the extent it is in direct variance with an unambiguous statutory provision is clearly void. . . ."

Accordingly, I conclude that 49 C.F.R. § 580.5(a)(1) is void, and the motion for summary judgment as to the § 1988 claim will be denied.

IT THEREFORE HEREBY IS ORDERED that the defendant's motion for summary judgment, filing 15, is denied.