W.W. WALLWORK, INC., Plaintiff
and Appellee,

v.

William A. DUCHSCHERER, Defendant
and Appellant.

Civ. No. 920310.

Supreme Court of North Dakota.

June 16, 1993.

Gene P. Johnson, Fargo, for defendant and appellant.

Harry Malcolm Pippin of Nilles, Hansen & Davies, Fargo, for plaintiff and appellee.

SANDSTROM, Justice.

William A. Duchscherer appeals from a judgment finding W.W. Wallwork, Inc., liable for deceit and conversion in connection with the sale of a 1985 Peterbilt semitractor. Duchscherer also appeals the district court's order denying his motion for a new trial. We reverse and remand for a new trial.

I

Duchscherer sought to purchase a 1985 Peterbilt semi-tractor from W.W. Wallwork, Inc., (Wallwork) in November, 1989. The vehicle was valued at $46,000 and appeared to be in good condition. Its odometer read 113,900 miles, and according to Duchscherer, the salesperson for Wallwork told him the odometer reflected actual miles. During test drives between Minne-

apolis and Minot, Duchscherer experienced mechanical problems with the 1985 Peterbilt semi-tractor. After Wallwork assured him the problems would be corrected, Duchscherer agreed to purchase the vehicle. As part of the sales contract, Duchscherer was to trade in his 1982 Kenworth semi-tractor. The vehicle had recently been in an accident and Duchscherer agreed to pay the deductible on his insurance policy so that it would be repaired prior to Wallwork taking possession. The parties also agreed that Duchscherer could keep the 1982 Kenworth semi-tractor's front tires.

After taking possession of the 1985 Peterbilt semi-tractor, Duchscherer experienced a series of mechanical problems causing downtime and repair expenses. After several months of mechanical problems, Duchscherer obtained the semi-tractor's repair records from Cummins Diesel of Fargo. The records revealed the vehicle had traveled 403,900 miles, 290,000 more miles than what was shown by its odometer.

In May, 1990, Wallwork sued Duchscherer for $2,462.50, alleging Duchscherer failed to pay the insurance deductible on the damaged 1982 Kenworth semi-tractor. Duchscherer answered and counterclaimed that the sales contract was void due to Wallwork's fraudulent misrepresentation of the number of miles on the 1985 Peterbilt semi-tractor. Duchscherer also claimed that Wallwork was liable for conversion because it had sold the 1982 Kenworth's front tires. Additionally, Duchscherer claimed that Wallwork had violated the odometer disclosure requirements of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981 to 1991.

Duchscherer withdrew his answer and admitted judgment to Wallwork's complaint. Prior to trial on Duchscherer's counterclaims, the district court dismissed Duchscherer's Motor Vehicle Information and Cost Savings Act claim. The court ruled that the Act was inapplicable, since transferors of motor vehicles weighing over 16,000 pounds are exempt from disclosure requirements under 49 C.F.R. § 580.-6(a)(1) (1992).[1]

A jury found that Wallwork willfully deceived Duchscherer, and that Wallwork had converted the front tires from Duchscherer's 1982 Kenworth. The jury awarded Duchscherer $6,050 in damages for Wallwork's willful deceit, and $750 for the conversion of the tires. The jury did not award Duchscherer exemplary damages.

Duchscherer moved for a new trial under Rule 59, N.D.R.Civ.P. He alleged the district court erred by (1) dismissing his Motor Vehicle Information and Cost Savings Act claim; (2) failing to give jury instructions on the Act's odometer disclosure requirements; and, (3) failing to instruct the jury that conversion is a basis to award exemplary damages.

In the alternative, Duchscherer asked the district court for a $16,000 additur to damages, to rescind its order dismissing his Motor Vehicle Information and Cost Savings Act claim, and to award him treble damages and reasonable attorney's fees in accordance with the Act. The district court denied the motion.

Duchscherer appeals from the district court's judgment and from its order denying his motion for a new trial. He contends the district court erred by (1) dismissing his Motor Vehicle Information and Cost Savings Act claim; (2) refusing to instruct the jury on the Act's odometer disclosure requirements; (3) refusing to instruct the jury that conversion is a basis for exemplary damages; and (4) instructing the jury on "puffing."

## II

■ Congress passed the Motor Vehicle Information and Cost Savings Act in 1972.

---

1. 49 C.F.R. § 580.6(a)(1) (1992), states:
   "Notwithstanding the requirements of §§ 580.5 and 580.7:
   "(a) A transferor or a lessee of any of the following motor vehicles need not disclose the vehicle's odometer mileage:

"(1) A vehicle having a Gross Vehicle Weight Rating, as defined in § 571.3 of this title, of more than 16,000 pounds...."
There is no dispute that the 1985 Peterbilt semi-tractor weighs more than 16,000 pounds.

The odometer portions of the Act, 15 U.S.C. §§ 1981–1991, were intended to "prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers." 15 U.S.C. § 1981. Under 15 U.S.C. § 1988(a), the Secretary of Transportation is directed to:

"[P]rescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

"1. Disclosure of the cumulative mileage registered on the odometer.

"2. Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

"Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained."

In accordance with 15 U.S.C. § 1988, the Secretary of Transportation, through the National Highway Traffic Safety Administration, issued odometer disclosure rules. Under 49 C.F.R. 580.6(a)(1), transferors of vehicles weighing more than 16,000 pounds are exempt from disclosure requirements. According to the National Highway Traffic Safety Administration, the exemption was:

"[A]dded in response to a number of comments that objected to the application of the requirements to categories of vehicles for which the odometer is not used as a guide to value. Buses and large trucks, for example, are routinely driven hundreds of thousands of miles, and there maintenance records have traditionally been relied by buyers as the principal guide to their condition. The NHTSA is in agreement with the position taken by Freightliner, White, and the National Association of Motor Bus Operators, and has therefore created an exemption for larger vehicles. The exemp-

tion applies to vehicles having gross vehicle weight ratings of more than 16,000 lbs."

38 Fed.Reg. 2978 (1973).

Duchscherer contends the exemption is void. For support, he cites to *Lair v. Lewis Service Center*, 428 F.Supp. 778 (Dist. Neb.1977). In *Lair*, the Federal District Court for the District of Nebraska ruled that the Motor Vehicle Information and Cost Savings Act did not authorize the Secretary of Transportation to exempt vehicles weighing over 16,000 pounds from disclosure requirements. The court recognized that there were cogent and persuasive reasons for exempting large trucks. However, neither the Act's language or legislative history authorized the exemption. Moreover, the exemption was plainly at odds with the Act's broad and unambiguous definition of motor vehicle.[2] *Lair*, 428 F.Supp. at 781. The court reasoned that "[t]he use of the term 'motor vehicle' in § 1988, defined so broadly in § 1901(15), when juxtaposed with the narrowing definitions of §§ 1901(1) and (2) as applied to other subchapters of the Act, appears to leave little room for a regulatory exemption to the term 'motor vehicle.' " *Lair*, 428 F.Supp. at 780–81.

Wallwork argues the exemption is valid and cites to *Mitchell v. White Motor Credit Corp.*, 627 F.Supp. 1241 (M.D.Tenn. 1986). In that case, the Federal District Court for the Middle District of Tennessee ruled that the exemption was valid since it "comports with the purpose of the odometer disclosure requirements which is to protect consumers who rely upon odometer readings as a guide to value." *Mitchell*, 627 F.Supp. at 1250. According to the court, the exemption was consistent with the Act's statutory scheme because buyers of heavy vehicles, such as semi-tractors and buses, do not rely upon odometers as a guide to value. *Mitchell*, 627 F.Supp. at 1250.

**2.** Under 15 U.S.C. § 1901(15) (1988), a motor vehicle is:

"[A]ny vehicle driven or drawn by mechanical power manufactured primarily for use on the public streets, roads, and highways, except any vehicle operated exclusively on a rail or rails."

We have jurisdiction to rule on this matter under 15 U.S.C. § 1989(b) (1988):

"(b) An action to enforce any liability created under subsection (a) of this section, may be brought in a United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises."

We follow the standard of review set out by the United States Supreme Court in *Sullivan v. Everhart*, 494 U.S. 83, 88–89, 110 S.Ct. 960, 964, 108 L.Ed.2d 72, 80 (1990):

"Our mode of reviewing challenges to an agency's interpretation of its governing statute is well established: We first ask 'whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.' *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43 [104 S.Ct. 2778, 2781, 81 L.Ed.2d 694] (1984). 'In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole.' *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 [108 S.Ct. 1811, 1817, 100 L.Ed.2d 313] (1988); see also *Mead Corp. v. Tilley*, 490 U.S. 714, 722–723 [109 S.Ct. 2156, 2161–2162, 104 L.Ed.2d 796] (1989). But 'if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute,' *Chevron, supra*, [467 U.S.] at 843 [104 S.Ct. at 2781], that is, whether the agency's construction is 'rational and consistent with the statute,' *N.L.R.B. v. Food and Commercial Workers*, 484 U.S. 112, 123 [108 S.Ct. 413, 420, 98 L.Ed.2d 429] (1987)."

We agree with the court in *Lair*. The Motor Vehicle Information and Cost Savings Act does not authorize an exemption for vehicles weighing over 16,000 pounds.

When a statute is "silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute...." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. at 843, 104 S.Ct. at 2781, 81 L.Ed.2d at 703 (1984). The Motor Vehicle Information and Cost Savings Act is not silent or ambiguous with respect to the vehicles subject to odometer disclosure requirements. 15 U.S.C. § 1988 directs the Secretary to make rules requiring the transferor of a motor vehicle to disclose the cumulative miles registered on the motor vehicle's odometer or to disclose that the actual number of miles on the motor vehicle is unknown. "Motor vehicle," as used in 15 U.S.C. § 1988, refers to "any vehicle driven or drawn by mechanical power manufactured primarily for use on the public streets, roads, and highways, except any vehicle operated exclusively on a rail or rails." 15 U.S.C. § 1901(15). The broad definition of "motor vehicle" precludes an exemption for vehicles weighing more than 16,000 pounds.

Wallwork argues the exemption does not conflict with the Act since the exemption applies to transferors of motor vehicles, not to the motor vehicles being transferred. The distinction is meaningless. A transferor is only exempt when the vehicle in question weighs more than 16,000 pounds. Accordingly, transferors and motor vehicles cannot be separated.

The exemption of vehicles weighing more than 16,000 pounds is "plainly at odds with the broad definition of motor vehicles employed by the statute." *Lair*, 428 F.Supp. at 781. *See also Davis v. Dils Motor Co.*, 566 F.Supp. 1360, 1362–63 (S.D.W.Va.1983). Since the exemption is void, the district court erred by dismissing Duchscherer's claim and by refusing to instruct the jury on the Act's disclosure requirements.

### III

Duchscherer contends that the district court erred by refusing to give his requested jury instruction on exemplary damages. According to Duchscherer, the district

court should have instructed the jury that exemplary damages may be awarded for conversion when the conduct of the wrongdoer is fraudulent. The exemplary damages instruction given to the jury provides, in part:

### "EXEMPLARY DAMAGES

"In any action for the breach of an obligation not arising from contract, when the wrongdoer has been guilty by clear and convincing evidence of oppression, fraud, or malice, actual or presumed, in your discretion, in addition to the actual or compensatory damages, you may award the injured party any further reasonable sum as an example to others and to punish the wrongdoer as you consider just. Those damages are called exemplary or punitive damages and are distinguished from damages that compensate for the detriment caused and which are called actual or compensatory damages.

"However, you may not award exemplary or punitive damages against the Plaintiff in this action unless you find that the Defendant has proven the essential elements of his claim and that the Plaintiff acted with oppression, fraud, or malice as defined in these instructions.

. . . .

### "FRAUD

"The term 'fraud' as used in this instruction means an act of trickery or deceit, intentional misrepreesntation [sic], concealment or nondisclosure committed for the purpose of causing injury or depriving a person of his property or his legal rights."

■ Jury instructions need only fairly inform the jury of the applicable law. *Erickson v. Schwan*, 453 N.W.2d 765, 769 (N.D.1990). "Instructions need not be given in the specific language requested by a litigant." *Erickson*, 453 N.W.2d at 769. The instructions given by the district court fairly informed the jury of the applicable law.

## IV

■ Finally, Duchscherer contends that the district court erred by instructing the jury on "puffing." He contends the instruction was not supported by the facts of the case. The instruction provides:

### "PUFFING NOT DECEIT

"It does not necessarily follow that every untrue statement is deceit. The law recognizes that dealers in trade will puff up their property, that men are free with their opinions upon things, and that when trading or dealing with others they indulge with what is known as 'puffing' or 'sale's talk' and 'conversation.' Such talk, opinions, and puffing do not constitute deceit because most people are aware that dealers in trade indulge in that sort of conversation."

The record before this Court indicates that Duchscherer was given an opportunity to take exception to the "puffing" instruction, but failed to do so. "When the instructions are not objected to, they become the law of the case and any objections to them are waived. [Citation omitted.] This basic rule is to assure that the court is given a meaningful opportunity to rule on the objection." *Grzadzielewski v. Walsh County Mut. Ins. Co.*, 297 N.W.2d 780, 781 (N.D.1980). Since Duchscherer failed to object to the instruction, he cannot now claim error by the district court.

■ Multiple theories of deceit were advanced by Duchscherer. The jury verdict does not disclose the theory or theories accepted. Where the issues of liability and damages are so intertwined as in this case, a new trial on both is appropriate. *See Schumacher v. Schumacher*, 469 N.W.2d 793, 800 (N.D.1991); *Irgens v. Mobil Oil Corp.*, 442 N.W.2d 223, 228 (N.D.1989). The district court's judgment and order are reversed. We remand for a new trial on the issues of whether Wallwork willfully deceived Duchscherer, and whether Wallwork violated the Motor Vehicle Informa-

tion and Cost Savings Act. The issue of conversion need not be retried.

VANDE WALLE, C.J., and MESCHKE, LEVINE and NEUMANN, JJ., concur.