SPEEDWAY INTERNATIONAL
TRUCKS, INC., Appellant–
Defendant,

v.

Tony ROSSELLE and Gladys Rosselle,
d/b/a T & G Truck Service,
Appellees–Plaintiffs,

and

Navistar Financial Corporation, Appellee–
Intervenor, Plaintiff.

No. 49S02–9504–CV–437.

Supreme Court of Indiana.

April 13, 1995.

Patricia Polis McCrory, Douglas A. Tresslar, Harrison & Moberly, Indianapolis, for appellant.

Richard A. Clem, Alden & Clem, Indianapolis, for appellees Tony & Gladys Rosselle d/b/a T & G Truck Service.

Robert E. Heidorn, Barnes & Thornburg, Indianapolis, for appellee Navistar Financial Corp.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

This case comes to us on a petition to transfer the decision of the Court of Appeals in *Speedway Int'l Trucks, Inc. v. Rosselle* (1994), Ind.App., 627 N.E.2d 1334. In that case, an interlocutory appeal from a denial of a motion for summary judgment, the Court of Appeals declared void a twenty-year-old federal regulation and affirmed the trial court. We now grant transfer and hold that defendant Speedway International, Inc. was

entitled to summary judgment because it was entitled to rely on the regulation at issue regardless of whether that regulation was invalid.

### Facts

The facts pertinent to the issue presented to us on transfer are largely undisputed. The Rosselles purchased a used semi-tractor weighing in excess of 16,000 lbs. from Speedway International Trucks, Inc. ("Speedway"). The Rosselles experienced problems with the tractor and ultimately filed suit against Speedway. Counts I and II of their complaint alleged that Speedway failed to provide them with odometer disclosure statements as required by the Federal Odometer Act, 15 U.S.C.A. §§ 1985–1991 (West 1982 & West Supp.1994) (the "Odometer Act").[1]

Speedway sought summary judgment on Counts I and II, which alleged violations of 15 U.S.C.A. § 1988(b) and 49 C.F.R. § 580.5. Speedway argued that the sale to the Rosselles was exempted from compliance with the disclosure regulations called for by Odometer Act. Speedway based its defense on 49 C.F.R. § 580.6(a)(1),[2] a regulation promulgated by the National Highway Traffic Safety Administration ("NHTSA") under the authority of the Odometer Act, specifically 15 U.S.C.A. § 1988(a). Section 580.6(a)(1) exempts from the disclosure requirements of 49 C.F.R. § 580.5 the transfer of motor vehicles whose gross vehicle weight is more than 16,000 pounds.

The trial court denied Speedway's motion for summary judgment. In a split decision, a panel of the Court of Appeals affirmed the trial court.

### Standard of Review

■ Summary judgment is proper only if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind.Trial Rule 56(C). When reviewing a motion for partial summary judgment, if there are no factual disputes, the court's task is to apply the relevant law to the undisputed facts. *Hayse v. Indiana Dep't of State Revenue* (1994), Ind.Tax, 641 N.E.2d 698, 699. Because there is no genuine issue of material fact before us on appeal, the dispositive question is whether Speedway was required to make the disclosures called for by the Odometer Act when it sold the semi-tractor to the Rosselles.

### The Odometer Act

The Odometer Act was enacted by Congress "to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers." 15 U.S.C.A. § 1981. The statute included a finding by Congress "that purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of such vehicle." *Id.*

The additional provisions of the Odometer Act at issue in this case were the following:

(a) [T]he [U.S.] Secretary [of Transportation] shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

(1) Disclosure of the cumulative mileage registered on the odometer.

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually travelled.

Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

(b) No transferor shall violate any rule prescribed under this section or give a false statement to a transferee in making any disclosure required by such rule.

---

1. In 1994, the Odometer Act was amended and recodified at 49 U.S.C.A. §§ 32701–11 (West 1994), Pub.L. 103–272.

2. At the time of the transfer of the vehicle in this case, the provisions of 49 C.F.R. §§ 580.5 and 580.6(a)(1) were to be found at 49 C.F.R. §§ 580.4 and 580.5(A)(1), respectively.

15 U.S.C.A. § 1988. The Odometer Act defined motor vehicle as "any vehicle driven or drawn by mechanical power manufactured primarily for use on the public streets, roads, and highways, except any vehicle operated exclusively on the rail or rails." 15 U.S.C.A. § 1901(15) (West 1982). The Act also provided for a private cause of action in 15 U.S.C.A. § 1989:

(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter [15 U.S.C.A. §§ 1981–91] shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

(b) An action to enforce any liability created under subsection (a) of this section, may be brought in a United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises.

*Validity of Odometer Disclosure Regulations*

The NHTSA issued its odometer disclosure regulations in 1973. Included in the regulations was language providing that the transferor of "a vehicle having a gross vehicle weight rating ... of more than 16,000 lbs." need not disclose the vehicle's odometer mileage. 49 C.F.R. § 580.6(a)(1).

The majority of the Court of Appeals agreed with the plaintiffs that the NHTSA regulation was void because it conflicted with what it understood as the statutory mandate requiring disclosure by "any transferor ... of a motor vehicle." Because the Congress defined motor vehicles to include semi-tractors, the Court of Appeals followed the reasoning of two federal district courts, *Lair v. Lewis Serv. Ctr.*, 428 F.Supp. 778 (D.Neb. 1977) and *Davis v. Dils Motor Co.*, 566 F.Supp. 1360 (S.D.W.Va.1983), and concluded that the NHTSA had no authority to exempt semi-tractors from the general disclosure requirements of 49 C.F.R. § 580.5.[3] In dissent, Judge Friedlander argued that the regulation was valid, and that the defendant was therefore not subject to liability for failing to disclose the mileage to the plaintiff. *See Mitchell v. White Motor Credit Corp.*, 627 F.Supp. 1241 (M.D.Tenn.1986). While we are inclined to adopt the reasoning of Judge Friedlander and the *Mitchell* court, *see Speedway*, 627 N.E.2d at 1337–38 (Friedlander, J., dissenting), we find it unnecessary to decide whether the truck exemption is valid.

*Counts I & II of the Rosselle's Complaint and the Provisions of the Odometer Act*

■■■ In both Counts I & II of their complaint, the Rosselles allege violations of 15 U.S.C.A. § 1988(b) and 49 C.F.R. § 580.5. 15 U.S.C.A. 1988(b) provided that "[n]o transferor shall violate *any rule prescribed under this section....*" (Emphasis added). Section 1988(b), then, does not itself impose any direct obligation on transferors to make odometer disclosures;[4] it only requires that

---

**3.** Since the decision of our Court of Appeals, two other courts have declared the truck exemption void: *Orca Bay Seafoods v. Northwest Truck Sales, Inc.*, 32 F.3d 433 (9th Cir.1994) and *W.W. Wallwork, Inc. v. Duchscherer*, 501 N.W.2d 751 (N.D.1993).

**4.** *Compare* 15 U.S.C.A. § 1983 ("No person shall advertise for sale, sell, use, or install or cause to be installed, any device which causes an odometer to register any mileage other than the true mileage driven."); 15 U.S.C.A. § 1984 ("No person shall disconnect, reset, or alter ... the odometer of any motor vehicle with the intent to

change the number of miles indicated thereon."); 15 U.S.C.A. § 1985 ("No person shall, with intent to defraud, operate a motor vehicle on any street or highway knowing that the odometer of such vehicle is disconnected or nonfunctional."); 15 U.S.C.A. § 1986 ("No person shall conspire with any other person to violate section 1983, 1984, 1985, 1987, or 1988 of this title."); 15 U.S.C.A. § 1987(b) ("(1) No person shall fail to adjust an odometer.... (2) No person shall, with the intent to defraud, remove or alter any notice affixed to a motor vehicle pursuant to subsection (a) of this section.").

transferors follow rules prescribed by the Secretary under the authority of § 1988(a), which imposes a direct obligation on the Secretary of Transportation to prescribe those rules to be followed by transferors under subsection (b).[5] 15 U.S.C.A. § 1989(a), which creates a private cause of action, merely prohibits the violation of "any requirement imposed under this subchapter." Thus, even assuming *the Secretary* violated a requirement of 15 U.S.C.A. 1988(a) by exempting transferors of large trucks from the disclosure requirements of 49 C.F.R. § 580.5, Speedway did no more than follow the rules prescribed by the Secretary, which is all that 15 U.S.C.A. § 1988(b)—and therefore 15 U.S.C.A. § 1989(a)—required.[6] That is, because the plain and unambiguous language of the Odometer Act imposed no obligation on a transferor of a motor vehicle to make any mileage disclosure, but imposed instead only an obligation to follow the rules prescribed by the Secretary of Transportation, we conclude that it was the intent of Congress that transferors of motor vehicles be able to rely on those rules without later being subject to liability because a court has declared one or more of the rules invalid. Speedway was, therefore, entitled to rely on the truck exemption of 49 C.F.R. § 580.6(a)(1)—regardless of its validity—and is now entitled to summary judgment in its favor on Counts I and II of the Roselles' complaint.

### Conclusion

Accordingly, we now grant transfer, vacate the decision of the Court of Appeals, Ind.Appellate Rule 11(B)(3), and remand this case to the trial court for it to enter summary judgment in Speedway's favor on Counts I and II of the complaint.

SHEPARD, C.J., and DeBRULER, DICKSON and SELBY, JJ., concur.

---

5. *Compare* the new language of the Act as codified at 49 U.S.C.A. § 32705(1): "Under regulations prescribed by the Secretary of Transportation, *a person transferring ownership of a motor vehicle shall give the transferee a written disclosure....*" (Emphasis added).

6. In this respect this case differs from another case decided by us today, *Indiana Dep't of State Revenue v. Bulkmatic Transport Co.* (1995), Ind., 648 N.E.2d 1156. Each case involves the imposition of liability under a statute, and each involves a regulation that is at least arguably contrary to the underlying statute. We found the taxpayer in Bulkmatic Transport liable under the statute at issue there, notwithstanding the invalidity of the regulation at issue there, because under the terms of that statute the taxpayer's duty was to comply with the *statute.* See *Bulkmatic Transp.*, 648 N.E.2d at 1160. On the other hand, we find the defendant in this case not liable under the statute at issue here, regardless of the validity of the regulation at issue here, because under the terms of this statute the defendant's duty was to comply with the *regulation.*