BULKMATIC TRANSPORT
COMPANY, Petitioner,

v.

INDIANA DEPARTMENT OF STATE
REVENUE, Respondent.

No. 49T10–9307–TA–00059.

Tax Court of Indiana.

Feb. 10, 1994.

Order on Petition for Rehearing
March 16, 1994.

Robert W. Loser, II, Patrick M. O'Brien, Brett Ryan Fleitz, Steers, Sullivan, P.C., Indianapolis, for petitioner.

Pamela Carter, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

Bulkmatic Transport Company (Bulkmatic) appeals the final determination of the Indiana Department of State Revenue (the Department), assessing Bulkmatic with Indiana Motor Carrier Fuel Tax for 1987, 1988, and 1989 (the years in issue).

### Issue

Whether pneumatic, tractor/trailer combination tank trucks qualify as "tank trucks" under 45 I.A.C. 13–4–7(b) for the years in issue.

### Facts and Procedural Posture

Bulkmatic is a commercial motor common and contract carrier company. Headquartered in Griffith, Indiana, Bulkmatic transports liquid and dry bulk commodities throughout Indiana and surrounding states. To transport its commodities, Bulkmatic uses specially designed tractor/trailer vehicles with pneumatic pumping equipment and a common fuel reservoir for transportation and operation of the vehicle's equipment.

The Department audited Bulkmatic for the years in issue and assessed motor carrier fuel tax in the amount of $199,545.37, plus penalty and interest. Bulkmatic timely filed its letter protesting the assessment, which the Department denied. Bulkmatic then filed a request for rehearing, paid all assessed taxes, and timely filed a claim for refund. The Department held a hearing on April 6, 1993, and denied Bulkmatic's rehearing request on June 4, 1993. The Department reasoned that Bulkmatic failed to show its vehicles qualified as "tank trucks" under 45 I.A.C. 13–4–7(b).[1] Bulkmatic now appeals. The case is before the court on the parties' cross motions for summary judgment. Additional facts will be provided as necessary.

### Standard of Review

"Cross motions for summary judgment do not alter the standard for granting summary judgment." *Caylor–Nickel Clinic P.C. v. Indiana Dep't of State Revenue* (1991), Ind. Tax, 569 N.E.2d 765, 766, *aff'd* (1992), Ind., 587 N.E.2d 1311. "The interpretation and construction of a statute is a matter of law, subject to a ruling by summary judgment." *Faris Mailing, Inc. v. Indiana Dep't of State Revenue* (1990), Ind.Tax, 557 N.E.2d 713, 715. The court will grant summary judgment only if no genuine issue of material fact exists and a party is entitled to judgment as a matter of law. *Fort Wayne Nat'l Corp. v. Indiana Dep't of State Revenue* (1993), Ind. Tax, 621 N.E.2d 668, 670 (citing *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue* (1992), Ind.Tax, 605 N.E.2d 1222, 1224).

---

1. 45 I.A.C. 13–4–7(b) was promulgated pursuant to IND.CODE 6–6–4.1–4, which provides the guidelines for the imposition, rates, and computation of the motor carrier fuel tax.

## Discussion and Decision

The Motor Carrier Fuel tax is imposed on a carrier's consumption of fuel in its operation on Indiana highways. IND.CODE 6–6–4.1–4. The tax is not, however, imposed on the "portion of motor fuel used to propel equipment mounted on a motor vehicle having a common reservoir for locomotion on the highway and the operation of such equipment." IC 6–6–4.1–4(d). The type of vehicle determines the portion of fuel excluded. The sole issue is whether Bulkmatic's vehicles qualify as tank trucks under 45 I.A.C. 13–4–7(b). 45 I.A.C. 13–4–7, promulgated in 1986 and in effect during the years in issue, provided in pertinent part:

> (b) The [motor carrier fuel] tax imposed under IC 6–6–4.1–4 does not apply to *twenty-four percent (24%)* of the motor fuel which is consumed on Indiana highways by a tank truck which has a common fuel reservoir for both locomotion on the highway and the operation of the pumping equipment.

> .    .    .    .    .

> (f) A portion of the tax imposed under IC 6–6–4.1–4 may be *determined, by the administrator,* not to apply to the motor fuel consumed on Indiana highways by firetrucks, streetsweepers and other motor vehicles which have a common fuel reservoir for both locomotion on the highway and the operation of other equipment after:

> > (1) a showing by the person or carrier of the proportion of motor fuel used for the operation of equipment other than for locomotion along the highway; and

> > (2) presentation of documents and information as requested by the administrator.

(Emphasis added.) Bulkmatic argues its vehicles were "tank trucks" within 45 I.A.C. 13–4–7(b) and therefore qualified for the 24 percent exclusion from motor carrier fuel tax. The Department counters, however, that Bulkmatic's vehicles are properly classified as "other motor vehicles" under 45 I.A.C. 13–4–7(f), and are therefore entitled to an exclusion determined by the administrator, which in the case at bar is 15 percent.

The rules of statutory construction apply to the construction of administrative rules and regulations. *First Nat'l Leasing and Financial Corp. v. Indiana Dep't of State Revenue* (1992), Ind.Tax, 598 N.E.2d 640, 643 (citing *Rogers v. State Bd. of Tax Comm'rs* (1991), Ind.Tax, 565 N.E.2d 398, 402). Consequently, when a court interprets a statute, and likewise a regulation, it will give the words used their ordinary and common meaning unless otherwise intended by the enacting body. *Johnson County Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 568 N.E.2d 578, 581 (quoting *Scheid v. State Bd. of Tax Comm'rs* (1990), Ind.Tax, 560 N.E.2d 1283, 1286), *aff'd* (1992), Ind., 585 N.E.2d 1336. Non-technical, undefined words in a regulation are to be defined by their ordinary and accepted dictionary meaning. *First Nat'l Leasing,* 598 N.E.2d at 643 (quoting *Johnson County Farm Bureau,* 568 N.E.2d at 581).

45 I.A.C. 13–1–5 defines "truck" as "any motor vehicle which is primarily designed for the transporting of property." The regulations do not define a tank truck, however. The plain meaning of "tank truck" is a "truck equipped [with] ... a tanker." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2338, (1981). A "tanker" is a "vehicle on which a tank is mounted...." and a "tank" is an "artificial receptacle used for holding, transporting, or storing liquids." *Id.* at 2337, 2338. Bulkmatic further relies on an affidavit by Clifford J. Harvison, the president of the National Tank Truck Carriers, Inc., which asserts the ordinary and accepted meaning of "tank truck" includes both a single unit configuration and a tractor/trailer combination regardless of the method employed for loading and unloading cargo. The Department argues, however, that the term "tank truck" as used in 45 I.A.C. 13–4–7(b) means only a single unit configuration and does not include Bulkmatic's vehicles, which are tractor/trailer combinations. Furthermore, the Department claims its interpretation of "tank truck" should be given a greater weight than the ordinary and accepted meaning of "tank truck" because 45 I.A.C. 13–4–7 is doubtful and ambiguous. The court disagrees.

In 1991, the Department amended 45 I.A.C. 13–4–7 and expanded the terms of the regulation from five categories to thirty-four categories.[2] The Department argues this amendment to 45 I.A.C. 13–4–7 provides the necessary clarification of the meaning of "tank truck" as single unit configurations. When an amendment to a statute, and likewise a regulation, adds additional provisions a presumption that the enacting body intended to change the law arises. *Wechter v. Indiana Dep't of State Revenue* (1989), Ind. Tax, 544 N.E.2d 221, 223 (quoting *Van Orman v. State* (1981), Ind.App., 416 N.E.2d 1301, 1305), *aff'd* (1990), 553 N.E.2d 844. The presumption is defeated only if it clearly appears the amendment was made to express the original intention of the enacting body. *Id.* The extent of the 1991 Amendment shows a clear change in the regulation and the Department did not show that it intended merely to clarify the regulation.

The ordinary and accepted meaning of "tank truck" is broad: it includes both single unit configurations as well as tractor/trailer combinations. The Department did not show when it promulgated the regulation that it intended any meaning of "tank truck" other than the plain meaning. Accordingly, the proper exclusion for Bulkmatic's pneumatic tank trucks from the motor carrier fuel tax is that given to a "tank truck" under 45 I.A.C. 13–4–7(b).[3]

The 1986 rule does not exclude pneumatic tank trucks from the "tank truck" classification in 45 I.A.C. 13–4–7(b). The only requirement to qualify for the 24 percent exclusion given "tank trucks," therefore, is that the "tank truck" has "a common fuel reservoir for both locomotion on the highway and operation of the pumping equipment." 45 I.A.C. 13–4–7(b)(2). Whether a tank truck is pneumatic, a single unit configuration, or a tractor/trailer combination is irrelevant. Because Bulkmatic's vehicles qualify as "tank trucks" under 45 I.A.C. 13–4–7(b), the proper exclusion from the motor carrier fuel tax is 24 percent.

*Conclusion*

The court hereby GRANTS Bulkmatic's motion for summary judgment.

ORDER ON PETITION
FOR REHEARING

The Petitioner, Bulkmatic Transport Company (Bulkmatic), filed a motion to reconsider a portion of the court's decision in *Bulkmatic Transport Co. v. Indiana Department of State Revenue* (1994) (see page 956). Because the motion pertains to a final determination of the court, the court *sua sponte* reclassifies the motion as a "petition for rehearing" under Ind.Appellate Rule 18. Bulkmatic petitions the court to reconsider the court's treatment of Bulkmatic's entitlement to a refund of a portion of the surcharge tax, imposed pursuant to IND.CODE 6–6–4.1–4.5.

---

2. The 1991 amendment to 45 I.A.C. 13–4–7 provides in pertinent part:

   (a) A motor carrier subject to the [motor carrier fuel] tax ... is entitled to a proportional use exemption for tax paid on use of fuel for a commercial purpose when the fuel is placed into ... a common fuel supply reservoir for both locomotion on a public highway and a commercial purpose which is exempt from the motor carrier fuel tax....

   (b) For purposes of subsection (a), proportional use exemptions shall be presumed to be as follows:

   .    .    .    .    .

   (2) For tank trucks, twenty-four percent (24%) ...

   (18) For dump trucks, twenty-three percent (23%) ...

   (19) For semitractor and dump trailer combinations ... fifteen percent (15%) ...

   (20) For semitractor and tank trailer combinations (commonly referred to as a tank transport), fifteen percent (15%) ...
   (21) For pneumatic tank trucks, fifteen percent (15%).

   .    .    .    .    .

3. The Department also asserts its refund of a proportionate share of the surtax on Bulkmatic's motor carrier fuel consumed in Indiana highway operation for the years in issue justifies the 15 percent exclusion given to Bulkmatic for the motor carrier fuel tax. *See* IND.CODE 6–6–4.1–4.5. While a proportionate refund of the surtax was not necessary because the exclusion under 45 I.A.C. 13–4–7 applied only to the Indiana motor carrier fuel tax, *see* 45 I.A.C. 13–4–7, IC 6–6–4.1–4, 6–6–4.1–4.5, a refund of a proportionate share of the surtax does not justify the disallowance of the proper exclusion for the motor carrier fuel tax.

Initially, the court dismissed the Indiana Department of State Revenue's (the Department) refund of a proportionate share of the surcharge tax as not being germane to the real issue, which was whether Bulkmatic should receive a proportional exclusion of the motor carrier fuel tax for fuel used in Bulkmatic's auxiliary equipment. *See Bulkmatic Transp. Co.*, at ——, n. 3. The court concluded that Bulkmatic was entitled to a proportional exclusion of the motor carrier fuel tax as a tank truck. *Id.* Bulkmatic now asserts that the court should likewise grant a proportional exclusion of the surcharge tax pursuant to 45 I.A.C. 13–8.5–4, which provides:

> The [surcharge] tax imposed by IC 6–6–4.1–4.5 does not apply to the portion of motor fuel used to operate the equipment in or on the motor vehicles identified in 45 IAC 13–4–7 and in the proportions identified therein and as determined by the Commissioner.

The Department contends, however, that Bulkmatic is attempting to broaden the exclusion in IC 6–6–4.1–4.5, which provides:

> (a) A surcharge tax is imposed on the consumption of motor fuel by a carrier in its operations on highways in Indiana....
>
> (d) The tax imposed under this section does not apply to that portion of motor fuel used to propel the continuous movement apparatus of a ready mix concrete truck, as determined by rule of the Commissioner.

Consequently, the Department asserts that IC 6–6–4.1–4.5(d) permits a proportional exclusion only to ready mix concrete trucks. Thus, to allow 45 I.A.C. 13–8.5–4 to expand the exclusion would be in excess of the Department's authority.

The rules of statutory construction apply to the construction of administrative rules and regulations. *Bulkmatic Transp. Co.*, at 957 (citing *First Nat'l Leasing and Financial Corp. v. Indiana Dep't of State Revenue* (1992), Ind.Tax, 598 N.E.2d 640, 643). Thus, the court must make every effort to find the regulations valid and to reconcile them if at all possible. *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue* (1992), Ind.Tax, 605 N.E.2d 1222, 1225.

The surcharge tax is imposed only on the "consumption of motor fuel ... on highways in Indiana." IC 6–6–4.1–4.5(a). The exclusion under subsection (d) explicitly provides that the tax imposed by subsection (a) does not reach the fuel used to "propel the continuous movement apparatus of a ready mix concrete truck" even though that fuel is consumed as a concrete truck drives along Indiana highways. Therefore, 45 I.A.C. 13–8.5–4 does not exceed the ambit of IC 6–6–4.1–4.5. Rather, it directs itself to off highway use of fuel. The court, giving effect to every word and clause of the regulation, *see Harlan Sprague Dawley, Inc.*, 605 N.E.2d at 1225 (citing *Guinn v. Light* (1990), Ind., 558 N.E.2d 821, 823), finds that 45 I.A.C. 13–8.5–4 provides for a proportionate exclusion to the surcharge tax for tank trucks.

The court hereby GRANTS Bulkmatic's motion to reconsider and ORDERS the Department to compute the refund of a portion of the surcharge tax in the same manner as the motor carrier fuel tax exemption is computed.