INDIANA DEPARTMENT OF STATE
REVENUE, Appellant,

v.

BULKMATIC TRANSPORT
COMPANY, Appellee.

No. 49S10–9406–TA–586.

Supreme Court of Indiana.

April 13, 1995.

☞1222

Pamela Carter, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellant.

Robert W. Loser II, Patrick M. O'Brien, Brett R. Fleitz, Steers Sullivan, P.C., Indianapolis, for appellee.

SULLIVAN, Justice.

Some large trucks have a single fuel tank that is used to provide fuel both for the truck engine and for specialized equipment on the trucks. The fuel used by the truck engine is

subject to Indiana motor carrier fuel tax; the fuel used to operate the specialized equipment is exempt from that tax. This case involves such trucks where the specialized equipment is pneumatic pumping equipment used to load and unload liquid and dry bulk commodities. The taxpayer and revenue department dispute the percentage of the total amount of fuel used by the taxpayer's trucks that is exempt from motor carrier fuel tax and whether taxpayer is entitled to a similar exemption from the motor carrier fuel surcharge tax. The Tax Court ruled for the taxpayer in both respects. *Bulkmatic Transp. Co. v. Indiana Dep't of State Revenue* (1994), Ind.Tax., 629 N.E.2d 955.

### Background

Taxpayer, Bulkmatic Transport Company, is engaged in the transportation of liquid and dry bulk commodities in pneumatic, tractor-trailer trucks throughout Indiana and surrounding states. A pneumatic truck is a tractor-trailer vehicle with pneumatic pumping equipment and a common fuel tank for transportation and operation of the pumping equipment. The Indiana State Department of Revenue audited taxpayer and assessed it $199,545.37 plus penalty and interest for failure to pay motor carrier fuel tax from 1987 through 1989. After unsuccessfully protesting the assessment, taxpayer paid the assessment and filed a refund claim. After unsuccessfully protesting the size of the refund provided, taxpayer initiated an original appeal in the Tax Court of Indiana. Taxpayer and the department filed summary judgment motions. On March 16, 1994, the Tax Court found in favor of taxpayer. *Bulkmatic Transp. Co.*, 629 N.E.2d at 958–59. On April 15, 1994, the department petitioned this court for review of the Tax Court's decisions. We granted review on June 24, 1994. Ind.Appellate Rule 18.

### I. *Motor Carrier Fuel Tax*

#### A.

Indiana's motor carrier fuel tax applies to operators of commercial vehicles in our state. Indiana Code § 6–6–4.1–4 (1985 Supp.) imposes this tax "[o]n the consumption of motor fuel by a carrier in its operations on high-ways in Indiana." Indiana Code § 6–6–4.1–4(d) (1985 Supp.) provides:

> The tax imposed under this section does not apply to that portion of motor fuel used to propel equipment mounted on a motor vehicle having a common reservoir for locomotion on the highway and the operation of such equipment, as determined by rule of the commissioner.

Pursuant to this subsection of the statute, Ind.Admin.Code tit. 45, r. 13–4–7 (1986) sets forth the department's rules for exempting from the Indiana motor carrier fuel tax that portion of motor fuel used to propel equipment not used for locomotion. This regulation (the "1986 Regulation") read as follows during the tax years at issue in this case:

> (b) The tax imposed under IC 6–6–4.1–4 does not apply to twenty-four percent (24%) of the motor fuel which is consumed on Indiana highways by a tank truck which has a common fuel reservoir for both locomotion on the highway and the operation of the pumping equipment....
>
> ....
>
> (f) A portion of the tax imposed under IC 6–6–4.1–4 may be determined, by the administrator, not to apply to the motor fuel consumed on Indiana highways by firetrucks, streetsweepers and other motor vehicles which have a common fuel reservoir for both locomotion on the highway and the operation of other equipment after:
>
> > (1) a showing by the person or carrier of the proportion of motor fuel used for the operation of equipment other than for locomotion along the highway; and
> >
> > (2) presentation of documents and information as requested by the administrator.

Ind.Admin.Code tit. 45, r. 13–4–7 (1986).

Following amendment in 1991, the rule (the "1991 Regulation") read as follows:

> (a) A motor carrier subject to the [motor carrier fuel] tax ... is entitled to a proportional use exemption for tax paid on use of fuel for a commercial purpose when the fuel is placed into ... a common fuel supply reservoir for both locomotion on public highway and a commercial purpose

which is exempt from the motor carrier fuel tax....

(b) For purposes of subsection (a), proportional use exemption shall be presumed to be as follows:

(2) For tank trucks, twenty-four percent (24%) ...

....

(18) For dump trucks, twenty-three percent (23%) ...

(19) For semitractor and dump trailer combinations ... fifteen percent (15%) ...

(20) For semitractor and tank trailer combinations (commonly referred to as a tank transport), fifteen percent (15%) ...

(21) For pneumatic tank trucks, fifteen percent (15%) ....

Ind.Admin.Code tit. 45, r. 13–4–7 (1992).

### B.

In determining the amount of motor carrier fuel tax owed in this case, the department classified taxpayer's pneumatic trucks under subsection (f) of the 1986 Regulation as "other motor vehicles which have a common fuel reservoir for ... locomotion ... and the operation of ... equipment." Exercising its authority under subsection (f), the department determined the proportional exemption to be 15%.

Taxpayer appealed the department's finding in the Tax Court of Indiana. Ruling on cross motions for summary judgment, the Tax Court held that taxpayer's pneumatic trucks were "tank trucks" under subsection (b) of the 1986 Regulation and that taxpayer was therefore entitled to a 24% proportional exemption. *Bulkmatic Transp. Co.,* 629 N.E.2d at 958. The Tax Court interpreted the term "tank truck" to be a truck with a receptacle for holding liquids, and found that taxpayer's pneumatic trucks met this definition. *Id.* at 957–58. Second, the Tax Court concluded that the 1991 Regulation clearly defining tank truck as a single unit truck, as opposed to a double unit pneumatic truck, was a change to the rule rather than simply a clarification of the department's longstanding interpretation of this regulation. *Id.* at 958.

The department contends that the Tax Court erroneously determined that taxpayer's pneumatic tank trucks were "tank trucks" under subsection (b) of the 1986 Regulation because the Tax Court ignored the department's uncontested evidence which showed that subsection (f) was the only subsection it had ever used prior to or during the years at issue to determine the motor carrier fuel tax exemption for pneumatic trucks, thereby erroneously giving no weight to the department's historically uniform interpretation and application of this regulation.

### C.

■ We conclude that the pneumatic trucks did not qualify as "tank trucks" under subsection (b) of the 1986 Regulation and that the Tax Court erred in giving no weight to the department's historical interpretation of the 1986 Regulation. Where the meaning of a regulation is in question, the interpretation of the relevant administrative agency should have great weight unless this interpretation would be inconsistent with the regulation itself. *State ex rel. Blair v. Gettinger* (1952), 230 Ind. 588, 602, 105 N.E.2d 161, 168 (citing *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945)). The department submitted an affidavit of its special tax division administrator with its summary judgment motion. In this affidavit, the administrator outlined the development of the exemption and attested to the facts that only five vehicles were listed by name in the 1986 Regulation and that this regulation's vehicle exemption rules were further developed almost from the date of promulgation. Thus, in June of 1986, the department determined pneumatic trucks would be classified in the "other motor vehicle" category of subsection (f) for purposes of determining the appropriate exemption percentage. The affidavit established that the department's 1991 modification of the 1986 Regulation specifying the exemption percentage for vehicle types that had historically been categorized as "other motor vehicles" merely reflected its original interpretation of the regulation as demonstrated through eight years (1986–1991) of uniform application.

■■ The Tax Court's conclusion that the 1991 modification of the 1986 Regulation was a clear change in the regulation, *Bulkmatic Transp.*, 629 N.E.2d at 958, presupposes that at some time pneumatic trucks were entitled to a 24% motor carrier fuel tax exemption that was reduced to 15%. We find this presupposition erroneous because taxpayer has not shown, nor does our review of the record reveal, *any* evidence that the department had ever subjected pneumatic trucks to a motor carrier fuel tax exemption percentage other than 15%. We also note that ambiguous exemption statutes are to be strictly construed against the taxpayer. *General Motors Corp. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 578 N.E.2d 399, 404, *aff'd* (1992), Ind., 599 N.E.2d 588. The Tax Court's failure to give any weight at all to the department's historically uniform interpretation of Ind.Admin.Code tit. 45, r. 13–4–7 (1986) in construing the exemption it provides violates this principle. For the foregoing reasons, we conclude that taxpayer's pneumatic trucks did not qualify as tank trucks under subsection (b) of the 1986 Regulation during 1987, 1988, and 1989, and that the department appropriately applied the 15% exemption rate pursuant to its authority under subsection (f) of that regulation.

## II. *Motor Carrier Surcharge Tax*
### A.

In 1985, the General Assembly added a surtax on motor fuel consumed by commercial carriers in Indiana highway operations. 1985 Ind.Acts P.L. 59 (codified as Ind.Code § 6–6–4.1–4.5 (1985 Supp.)). The portions of the surtax statute (the "Surcharge Tax Act") applicable to this case provide:

(a) A surcharge tax is imposed on the consumption of motor fuel by a carrier in its operations on highways in Indiana. . . .

. . . .

(d) The tax imposed under this section does not apply to that portion of the motor fuel used to compel the continuous movement apparatus of a ready mix concrete truck, as determined by rule of the commissioner.

Ind.Code § 6–6–4.1–4.5 (1985 Supp.). Additionally, the department promulgated Ind.Admin.Code tit. 45, r. 13–8.5–4 (1986) (the "Surcharge Tax Regulation"), which provides:

The tax imposed by IC 6–6–4.1–4.5 does not apply to the portion of motor fuel used to operate the equipment in or on the motor vehicles identified in 45 IAC 13–4–7 and in the proportions identified therein and as determined by the commissioner.

Ind.Admin.Code tit. 45, r. 13–8.5–4 (1986).

### B.

Taxpayer asserts that it should receive a percentage exemption from the surcharge tax equal to the 24% tank truck motor carrier fuel tax exemption to which it argues it is entitled. The department contends that during the years at issue the Surcharge Tax Act permitted a surcharge tax exemption for fuel consumed by ready mix concrete trucks only.[1] Thus, to allow the Surcharge Tax Regulation to expand that exemption exceeded the department's authority because an administrative agency may not promulgate rules that exceed statutory authority. Taxpayer argues that the Surcharge Tax Regulation is a companion regulation to the Surcharge Tax Act and when this regulation and this statute are construed together and harmonized, as principles of statutory construction require, it is clear that the Surcharge Tax Regulation properly incorporates motor carrier fuel tax proportional exemption percentages provided in Ind.Admin.Code tit. 45, r. 13–4–7 discussed in the preceding section of this opinion and that taxpayer is entitled to the same exemption rate under the surcharge tax as it is under the motor carrier fuel tax.

The Tax Court found in favor of taxpayer and ordered the department to compute taxpayer's surcharge tax exemption in the same way that it computed the motor carrier fuel

---

1. In 1991, the legislature amended subsection (d) of the Surcharge Tax Act to parallel the motor carrier fuel tax provisions, exempting "that portion of motor fuel used in Indiana to propel equipment mounted on a motor vehicle having a common reservoir for locomotion on the highway and the operation of this equipment as determined by rule of the commissioner." 1991 Ind.Acts P.L. 69 (codified as Ind.Code § 6–6–4.1–4.5 (1991 Supp.)).

tax exemption. *Bulkmatic Transp.*, 629 N.E.2d at 958–59. The Tax Court reasoned as follows:

> The exclusion under subsection (d) explicitly provides that the tax imposed by subsection (a) does not reach the fuel used to "propel the continuous movement apparatus of a ready mix concrete truck" even though that fuel is consumed as a concrete truck drives along Indiana highways. Therefore, 45 I.A.C. 13–8.5–4 does not exceed the ambit of IC 6–6–4.1–4.5. Rather, it directs itself to off highway use of fuel. The court giving effect to every word and clause of the regulation ... finds that 45 I.A.C. 13–8.5–4 provides for a proportionate exclusion to the surcharge tax for tank trucks.

*Id.* The department contends that the Tax Court wrongly concluded that taxpayer was entitled to a surcharge tax exemption percentage equal to its motor carrier fuel tax exemption percentage because, during the years at issue, the Surcharge Tax Act only authorized a surtax exemption for ready mix concrete trucks.

### C.

■ We conclude that the Indiana motor carrier surcharge tax exemption only applied to ready mix concrete trucks during the years at issue. We agree with the department's analysis that it had no authority to promulgate the Surcharge Tax Regulation because this regulation creates surtax exemptions that the legislature did not authorize under the Surcharge Tax Act during the years at issue. An administrative agency may not promulgate regulations which add to the law as enacted or extend its powers. *Johnson County Farm Bureau Coop. v. Indiana Dep't of State Revenue* (1991), Ind. Tax, 568 N.E.2d 578, 587, *aff'd* (1992), Ind., 585 N.E.2d 1336. In *Indiana Dep't of State*

*Revenue v. Colpaert Corp.* (1952), 231 Ind. 463, 109 N.E.2d 415, this Court stated:

> An administrative board has the undoubted right to adopt rules and regulations designed to enable it to perform its duties and to effectuate the purposes of the law under which it operates, when such authority is delegated to it by legislative enactment.... But it may not make rules and regulations inconsistent with the statute which it is administering, it may not by its rules and regulations add to or detract from the law as enacted nor may it by rule extend its powers beyond those conferred upon it by law.

*Id.* at 479–80, 109 N.E.2d at 422–23. By promulgating the Surcharge Tax Regulation, the department created surtax exemptions for types of vehicles other than the ready mix concrete vehicle that the Surcharge Tax Act provided was the sole type of vehicle entitled to an exemption during the years at issue. The creation of these exemptions was an addition to the Surcharge Tax Act which the department had no authority to make. We conclude that during the years at issue only ready mix concrete trucks could receive a motor carrier surcharge proportional exemption and that the Tax Court erred in finding that the taxpayer was entitled to a motor carrier surtax exemption for the years at issue.[2] Accordingly, the order requiring the department to compute taxpayer's motor carrier surtax refund in the same manner as the motor carrier fuel tax exemption is reversed.

### Conclusion

We granted the department's petition for review and now reverse the decision of the Tax Court and affirm the department's conclusion that taxpayer was entitled to an exemption rate of 15% for motor fuel carrier tax paid and to no exemption for motor fuel carrier surtax paid. This cause is remanded

2. In this respect this case differs from another case decided by us today, *Speedway Int'l Trucks, Inc. v. Rosselle* (1995), Ind., 648 N.E.2d 1161. Each case involves the imposition of liability under a statute and each involves a regulation that is at least arguably contrary to the underlying statute. We find the taxpayer in this case liable under the statute at issue here, notwithstanding the invalidity of the regulation at issue here, because under the terms of this statute the taxpayer's duty was to comply with the *statute*. On the other hand, we found the defendant in *Speedway* not liable under the statute at issue there, regardless of the validity of the regulation at issue there, because under the terms of that statute the defendant's duty was to comply with the *regulation*. See *Speedway*, 648 N.E.2d at 1164.

to the department for further proceedings consistent with this opinion.

SHEPARD, C.J., and DeBRULER and SELBY, JJ., concur.

DICKSON, J., concurs in part I and dissents from part II of this opinion without separate opinion.